# THE STATE v. JOHN COLLINS, Plaintiff in Error.

### Division Two, February 12, 1910.

1. **JUDGMENT: Correction: Nunc Pro Tunc.** The circuit court has authority to correct a record entry of a judgment by a *nunc pro tunc* order, although the case may be at the time pending in the Supreme Court on writ of error. Where the information charged defendant of larceny from a person in the nighttime, and he was convicted, and the clerk in entering the judgment, by inadvertence or misprision, wrote the word "party" instead of "person," it was proper for the court, at a subsequent term, to correct the entry by making it recite that defendant was convicted of the offense of "larceny from the person in the nighttime;" and the record entries and information afforded ample basis for the *nunc pro tunc* order.

2. **PAROLE: Acceptance: Constitutionality of Statute: Habeas Corpus.** By applying for and accepting the terms of a parole, defendant is precluded from assailing the validity of the statute (Sec. 2818, R. S. 1899) which authorizes the court, or judge thereof in vacation, to terminate the parole at any time, without notice to defendant, by merely directing the clerk to make out and deliver to the sheriff or to other proper person a certified copy of the sentence, etc. He cannot contend that the statute is invalid because it authorizes his rearrest without warrant or other process; for, if it is invalid for that reason, his parole was unauthorized, and the judgment is in full force.

3. ————: ————: ————: **Arrest of Innocent Party.** The contention that the officer under said statute might arrest the wrong man and thus deprive an innocent person of the right to show that he is not the convict described in the warrant, is not for consideration where the right party has been arrested; no doubt exists that an innocent party thus arrested could unquestionably invoke the writ of *habeas corpus*.

Error to St. Louis City Circuit Court.—*Hon. Chas. C Allen*, Judge.

AFFIRMED.

*Wm. E. Fish* for plaintiff in error.

Section 2818 of the parole law is unconstitutional, as it nowhere provides that any warrant, information or other legal process shall issue for the arrest of the paroled person, and is in direct conflict with the Fourteenth Amendment of the Federal Constitution and sec. 30 of art. 2 of the Constitution of Missouri, and conflicts with secs. 2441 and 2447, R. S. 1899. The act is bad because it nowhere provides that the arrested paroled person shall have a hearing, his day in court, or a chance to defend himself against any accusation which has been brought against him. The law must require due notice and give the right of a hearing and a chance to be heard. McGegee on Due Process of Law, p. 82; Stuart v. Palmer, 74 N. Y. 183; Philadelphia v. Miller, 49 Pa. St. 440. The due-process-of-law clause, in both the Federal and State Constitutions, is a check on the legislative as well as the executive and judicial departments. 3 Words and Phrases, 2230. It is essential to due process of law that there there shall not only be notice of the time and place for the hearing, but, what is more important, that there shall be a tribunal clothed with power, by methods and rules prescribed by law, to hear and determine a question involved. Charles v. City of Marion, 98 Fed. 166; Moss v. Whitpel, 108 Fed. 579; 3 Words and Phrases, 2243; Dartmouth College v. Woodward, 4 Wheat. (17 U. S.) 518, 581; Quimby v. Hazens, 4 Vt. 132; Kennedy's Case, 135 Mass. 51. Identity is only one element in a case of this kind, and the violation of the parole is just as important an element and needs just as much consideration as that relating to the identity. If a hearing is necessary in one case, it is certainly necessary in the other. People v. Moore, 62 Mich. 496; People v. Cummings, 88 Mich. 249; State ex rel. v. Wolfer, 53 Minn. 135.

*Elliott W. Major,* Attorney-General, and *Chas. G. Revelle,* Assistant Attorney-General, for the State.

(1) The error of the clerk in failing to make the record entry of the judgment conform to the actual facts and proceedings in no manner affected or impaired the validity of the judgment. Sec. 2660, R. S. 1899. (2) On October 23rd, the circuit court, upon motion, entered a *nunc pro tunc* order making the record conform to the truth, and entering the judgment actually rendered, which the clerk through inadvertence or misprision had failed to correctly record. The question of the power and authority of the circuit court to correct its record by *nunc pro tunc* entries has been many times before this court, and the rule is now permanently established that, notwithstanding the case is pending in this court on appeal, or by writ of error, and the trial court has lost jurisdiction of the cause, it still retains full power and jurisdiction over its own records, and by entries *nunc pro tunc,* based upon proper evidence, may cause the same to speak the truth, when by inadvertence or misprision of the clerk they fail to do so. In such cases the court is fully empowered to enter a *nunc pro tunc* order and to correct or amend the judgment entry theretofore made. State v. Gordon, 196 Mo. 196; DeKalb County v. Hixon, 44 Mo. 342; State v. Eaton, 191 Mo. 154. (3) The record entries in this case afford ample basis for the *nunc pro tunc* order. Ross v. Railroad, 141 Mo. 390; Reed v. Colp, 213 Mo. 586; Darrier v. Darrier, 158 Mo. 234; State v. Gordon, supra. The records in this case, consisting of the information charging larceny from the person, the plea of guilty as charged in the information, and the clerk's record of the judgment in connection with the plea, which upon its face discloses mistake, fully warranted the court in making the *nunc pro tunc* order. (4) The judgment as corrected is in approved form, and contains all the recitals essential

to a valid judgment. State v. Williams, 191 Mo. 214. (5) The information is based upon Sec. 1901, R. S. 1899, and is all that good pleading requires. State v. DeWitt, 152 Mo. 76; State v. Rose, 178 Mo. 28.

GANTT, P. J.—On February 11, 1909, an information duly verified, was filed in the office of the clerk of the circuit court of the city of St. Louis, charging the defendant with the crime of larceny from the person of one B. C. McMahon in the nighttime. On May 3, 1909, the said defendant was duly arraigned and pleaded guilty as charged in the information and the court assessed his punishment at two years in the penitentiary. Judgment was accordingly pronounced, and thereafter the defendant, upon his application, was paroled. It appears that the clerk of the court in entering the judgment and sentence by inadvertence or misprision wrote the word "party" instead of "person," thus causing the judgment to read: "It is therefore considered by the court that John Collins for his offense of larceny from the party, in the nighttime, and in pursuance of his plea of guilty thereto, be imprisoned," etc.

On May 26, 1909, defendant's parole was revoked, and on June 26 his motion to set aside the revocation was overruled. On July 15, 1909, the defendant applied for and obtained a writ of error from the clerk of this court and this cause is now here on the said writ and the return thereto.

Afterwards, on August 23, 1909, the circuit court caused to be entered an order *nunc pro tunc* correcting the said judgment entry so as to cause the same to read: "That the said John Collins for his offense of larceny from the person in the nighttime, and in pursuance of his plea of guilty thereto, be imprisoned in the penitentiary of this State for the term of two years, and he pay the costs of this prosecution and stand committed until his sentence be complied with."

The plaintiff in error has filed no brief and assigns no errors in this court, but as in duty bound, we have read the entire record and we find the information is one based upon section 1901, Revised Statutes 1899, and is entirely satisfactory. The only possible error of which the plaintiff in error could have complained was the insertion in the entry of the judgment of the word "party" instead of "person," but when the attention of the court was called to this inadvertence by motion it caused the record to be corrected *nunc pro tunc*. The power and authority of the circuit court to correct this record by *nunc pro tunc* entries is fully established, notwithstanding the case may be pending in this court on appeal or writ of error. [State v. Gordon, 196 Mo. l. c. 196; State v. Eaton, 191 Mo. 154.] The record entries in this cause in the circuit court and the information afforded ample basis for the *nunc pro tunc* order made in this case. As corrected, the judgment is in approved form and contains all the recitals essential to a valid judgment. No error appearing in the case the judgment is affirmed.

In his application for a writ of *habeas corpus* to be admitted to bail pending the hearing of the writ of error, he alleged that after he was sentenced he was paroled by the judge of the circuit court who pronounced the sentence upon him, but that "in a short time thereafter he was rearrested and without warrant or other process, and was incarcerated in the city jail without a hearing or having his day in court."

Upon this allegation he now insists in this case that he is entitled to be discharged from arrest under the sentence in this case and allowed to go at large upon his parole because he insists that section 2818, Revised Statutes 1899, which authorizes the court, or judge thereof in vacation, to terminate said parole at any time, without notice to such person, by merely directing the clerk of the court to make out and deliver to the sheriff or other proper person a certified copy

of the sentence, with a certificate that such person has been paroled and his parole terminated, etc., is unconstitutional. While we are clearly of opinion that this proposition of the unconstitutionality of section 2818 is an afterthought, and the application for the writ of *habeas corpus* was for the purpose of being admitted to bail, yet in order to settle the rights of defendant, we will consider his contention. The defendant's sole claim to be allowed freedom from arrest under the judgment is that his parole was illegally revoked. He asserts that the parole statute is wise and salutary in so far as it grants him immunity for his offense, and he applied for and accepted the benefits of the statute, but insists the same statute is invalid when the court asserts its right to revoke his parole without giving him a trial as to its right and power so to do. Defendant's reasoning is unsound. He proceeds on the theory that some natural and legal right of his is being denied him, whereas the parole for which he applied and which was granted to him was purely an act of grace on the part of the State through its court. Defendant had been lawfully convicted and sentenced. He had then the option to serve his sentence or apply for a parole under the laws of this State. He knew the provisions of that law and applied for and accepted his parole subject to its provisions and conditions, among which was that which authorized the court to revoke the parole without further notice to him. It was upon this condition he was paroled. If this was invalid the parole was ineffective and the judgment was in full force. By accepting its terms he is now precluded from assailing its validity. This is fully established by adjudications of the courts of last resort on similar statutes. [Arthur v. Craig, 48 Iowa 264; State ex rel. v. Hunter, 124 Iowa 569; Kennedy's Case, 135 Mass. 48; Woodward v. Murdock, 124 Ind. 439.]

As said by the Supreme Court of Alabama in Full-

er v. State, 122 Ala. l. c. 37 and 38: "The parole does not in any wise displace or abridge the sentence; it merely stops its execution for a time only, it may be, or indefinitely, it may prove—it suspends, not destroys . . . . But if he elects to accept the parole and avails himself of the liberty it confers, he must do so upon the conditions upon which alone it is granted to him."

As to the suggestion that the officer under this statute might arrest the wrong man and thus deprive an innocent citizen of the right to show that he was not the convict described in the warrant, it suffices to say no doubt can exist that an innocent party thus arrested could unquestionably invoke the writ of *habeas corpus* and establish his innocence, but we have no such question here. The petition establishes the identity of the prisoner with that of the convict in the judgment. We have no doubt whatever of the constitutionality of section 2818, Revised Statutes 1899, and accordingly we hold that, as the parole granted the defendant has been revoked, it will afford no obstacle to his arrest and incarceration in the penitentiary in accordance with the judgment already affirmed.

*Burgess* and *Fox, JJ.,* concur.