STATE of Missouri, Respondent,

v.

Charles William BRANTLEY, Appellant.

No. 48945.

Supreme Court of Missouri,
Division No. 2.

Feb. 19, 1962.

William R. Kirby, St. Louis, for appellant.

Thomas F. Eagleton, Atty. Gen., Albert J. Stephan, Jr., Asst. Atty. Gen., for respondent.

BOHLING, Commissioner.

Charles William Brantley, on December 17, 1959, pleaded guilty in the Circuit Court of the City of St. Louis to the felony of the possession of burglar's tools, and was placed on probation by the court. On May 16, 1961, the court entered its order revoking said probation and, after granting allocution, entered judgment on defendant's said plea of guilty and sentenced defendant to two years' imprisonment, the minimum punishment. § 560.115. Statutory references are to RSMo 1959 and V.A.M.S. On June 2, 1961, defendant filed a "Motion to Vacate Sentence" under Supreme Court Rule 27.26, V.A.M.R., presenting constitutional issues hereinafter stated. Said motion was overruled June 5, 1961. Defendant has appealed.

The record dicloses the following: The court, accepting defendant's said plea of guilty, directed the parole officer to make a presentence investigation and report. On March 8, 1960, the court suspended "the imposition of sentence" and placed defendant on probation for a period of two years. § 549.190. Defendant accepted probation, the court and defendant signing the "Order Granting Probation." Said order, among other things, required defendant to refrain from the violation of any state and federal penal laws; to live a clean, honest and temperate life; to keep good company and good hours, and to pay the court costs.

Defendant was arrested for three burglaries committed in November and December, 1960. Defendant admitted committing these burglaries, describing their commission in some detail to the officers. The officers brought the victims of the burglaries to the police station and the defendant repeated in the presence of each victim the admissions he had made to the officers.

The burglary charges were not tried before the judge who had granted probation. They were tried at intervals of about thirty days and in each case the jury acquitted defendant.

Following defendant's trials for burglary, a hearing was ordered on the revocation of defendant's probation by the court granting the probation. At this hearing, May 16, 1961, defendant appeared in person and by his present counsel, and the State appeared by an Assistant Circuit Attorney. These attorneys had represented the defendant (by appointment of the court) and the State, respectively, in the burglary trials.

The hearing on the revocation was informal, and consisted of statements made by the two attorneys, the defendant and the court. This informal record is to the following effect: When informed what sentence the State would ask on pleas of guilty to the burglaries, defendant told his counsel he was not guilty, and stood trial. Defendant did not take the stand in the burglary cases. During said trials it was developed on behalf of the defendant that there were contradictions between the testimony of the State's witnesses and the admissions of the defendant with respect to the commission of the offense on trial. These contradictions or discrepancies were thoroughly presented to the juries. There was no substantial evidence at the trials that defendant's admissions were involuntary or the result of coercion. Asked by the court for an explanation of his statements in the presence of the witnesses and to the police, defendant answered: "Your Honor, I happened—in my belief, they were forced out of me. I arrived at the police station approximately 2:30 in the morning"; that the officers continued to question him and he constantly kept telling them he knew nothing about it; that they seemed to get "a little angry" and one pulled out a blackjack and threatened to but didn't hit him with it; that they brought one of the burglary victims to the station the next morning and when "I wouldn't say nothing,"

an officer grabbed him by the back of the neck and gave him a slight shove and said "Now, tell them." The facts thus stated by defendant were never mentioned during the burglary trials. The probation officer, notwithstanding he believed defendant involved in the burglaries, recommended that the court continue defendant's probation.

Defendant's motion under Rule 27.26 alleges he was deprived of certain rights guaranteed by the Missouri Constitution in connection with the revocation proceeding, to-wit: The right of trial by jury. Art. I, § 22(a). The right against being put in jeopardy of liberty for the same offense, after being acquitted by a jury. Art. I, § 19. The right of an accused in criminal prosecutions to face his accusers. Art. I, § 18(a). The right of due process of law in the hearing. Amend. XIV, U.S.Const. See Art. I, § 10, Mo.Const.

The terms "parole" and "probation" are sometimes used interchangeably. Some confusion, particularly as amendments of the law were enacted, has resulted. The definition in Laws 1957, p. 381, § 1 (now § 549.201), recognizes the distinction between the terms, that is: "(2) 'Parole' means the release of a prisoner to the community by the state board of probation and parole prior to the expiration of his term, subject to conditions imposed by the board and to its supervision. (3) 'Probation' means a procedure under which a defendant, found guilty of a crime upon verdict or plea, is released by the court without imprisonment, subject to conditions imposed by the court and subject to the supervision of a probation service." A principal distinction is that a "parole" operates prior to the expiration and after the commencement of the service of sentence; and "probation" is granted prior to the imposition of sentence or prior to the commencement of the service of a sentence imposed. See 24 C.J.S. Criminal Law § 1618(3), pp. 876, 877, and references.

Defendant contends that the proceeding revoking his probation is governed by §§ 549.201–549.310 of Chapter 549 under the caption "State Board of Probation and Parole," and particularly § 549.254.

The State's position is that said revocation proceeding is governed by §§ 549.060–549.190, under the caption "Judicial Paroles," and particularly §§ 549.060, 549.-080, 549.090, 549.120 and 549.190; and, if not, the hearing accorded defendant complied with § 549.254. We think the term "parole" a misnomer as applied to §§ 549.-060–549.190 as under § 549.080 "the court shall have no power to parole any person after he has been delivered to the warden of the penitentiary."

For purposes of this discussion, we assume, without deciding, defendant's contention that his revocation proceedings are governed by § 549.254 to be well taken.

We have hereinbefore quoted the definitions of "parole" and "probation" appearing under the caption "State Board of Probation and Parole" in § 549.201.

Section 549.254, stressed by defendant, provides: "(1). At any time during probation the court may direct that a warrant be issued for the arrest of a defendant for violation of any of the conditions of probation, or a notice to appear to answer to a charge of violation. Such notice shall be personally served upon the defendant. The warrant shall authorize the return of the defendant to the custody of the court or to any suitable detention facility designated by the court. Any probation officer may arrest such defendant without a warrant, or may deputize any other officer with power of arrest to do so by giving him a written statement setting forth that the defendant has, in the judgment of the probation officer, violated the conditions of his probation. * * * After making an arrest the probation officer shall present to the detaining authorities a similar statement of the circumstances of violation. * * *

"2. Upon such arrest and detention, the probation officer shall immediately report to the court or judge thereof in what manner

the defendant has violated the conditions of probation. The court shall cause the defendant to be brought before it without unnecessary delay for a hearing on the violation charged. The hearing may be informal and if the violation be established and found the court may continue or revoke the probation and may require the defendant to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed. If a violation be not established and found, the probation is to continue."

Although a conflict of authority exists, an exhaustive annotation at 29 A.L.R.2d 1074 states (1077, § 2) that the more logical, also apparently the majority, view is that a person who has been granted conditional liberty (pardon, parole or probation) has no constitutional right to a notice or hearing on the revocation of his freedom for a violation of the conditions upon which it was granted. A summary of the theories underlying the different holdings is stated, some cases considering the above-stated view to be the more realistic.

In Escoe v. Zerbst, 295 U.S. 490, 492, 493, 55 S.Ct. 818, 79 L.Ed. 1566, the court had suspended the execution of the sentence and placed Escoe on probation. An order, issued upon a report of a probation officer, revoking said probation was set aside, without prejudice, for failure to take the probationer "before the court" as required by Federal statute. In so ruling, the court expressly rejected probationer's contention that he had been deprived of constitutional rights, stating: "In thus holding we do not accept the petitioner's contention that the privilege has a basis in the Constitution, apart from any statute. Probation or suspension of sentence comes as an act of grace to one convicted of a crime, and may be coupled with such conditions in respect of its duration as Congress may impose. Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266." See also 29 A.L.R.2d 1083, § 4; 1092, § 5; 1121, § 8; 1125, § 9; Bennett v. United States, 8 Cir., 158 F.2d 412, 414 [2], certiorari denied 331 U.S. 822, 67 S.Ct. 1302, 91 L.Ed. 1838; Ex parte Anderson, 191 Or. 409, 229 P.2d 633, 230 P.2d 770, 29 A.L.R.2d 1051, 1062 [7–10], and authorities cited; 39 Am.Jur., Pardon etc., §§ 75–80, 94, 95. However, this view of a probationer's constitutional rights on the revocation of his release to freedom is subject, as stated in Escoe v. Zerbst, supra, to statutes expressly providing for notice or hearing.

The liberty given to a person on conditional probation, parole, or pardon is subject to all conditions attached to his release which are not illegal, immoral or impossible of performance. State v. Collins, 225 Mo. 633, 125 S.W. 465 [2, 3]; Silvey v. Kaiser, Mo., 173 S.W.2d 63 [1, 2]; Ex parte Webbe, 322 Mo. 859, 30 S.W.2d 612 [2, 4, 6, 7]; Ex parte Mounce, 307 Mo. 40, 269 S.W. 385 [3]; State ex rel. Stewart v. Blair, 356 Mo. 790, 203 S.W.2d 716 [1, 2]. His release is a matter of grace, not a right to be demanded. He surrenders no vested right, privilege or consideration for his freedom. His unfettered acceptance subjects him to the conditions imposed. A violation of the conditions is not a criminal offense, and a proceeding to revoke obviously is not a criminal prosecution within the constitutional provisions. A violation of the conditions voids his rights to his conditional liberty and he is committed to prison for his original offense. When an accused person enters a plea of guilty to a criminal charge and that plea has been accepted by the court or he has been found guilty upon a trial (Sup.Ct.R. 26.01; Mo.Const. Art. I, § 22(a); Sup.Ct.R. 26.02; § 546.070) in which he has been tried or waived his right to a trial by a jury and accepted his conditional release from punishment, it is to be presumed that he has been accorded all the rights guaranteed him by constitutional provisions, including those enumerated in Art. I, §§ 18(a), 19, and 22(a), Mo.Const., and the due process provisions of the Federal (Amend. XIV) and State (Art. I, § 10) constitutions. Society should not be put to a second trial with all the constitutional

guaranties attending the trial of a criminal case to establish that a probationer has violated the conditions upon which this grace from imprisonment for his offense was extended to him.

■ Section 549.254 provides with respect to the hearing on revocation: "The hearing may be informal * * *." As hereinbefore stated this hearing consisted of statements made by defendant, his attorney, the State's attorney and the court concerning the three burglaries of which defendant had been acquitted. Our review, as in criminal and other cases, is in the light most favorable to the action of the court. Under the record the court could find there was no real controversy about defendant's having admitted the commission of the burglaries to the police officers and to the victims. When given an opportunity and asked to explain these admissions, defendant answered: "Your Honor, I happened — in my belief, they were forced out of me. I arrived at the police station approximately 2:30 in the morning." His explanation then conveys the thought he did not make the admissions. The court was unable to understand how defendant's admissions could conform with certain details of the burglaries and defendant not be implicated to some extent in their commission. The court concluded defendant was not being honest and frank with the court. It has been stated that due process is satisfied if a reasonable opportunity is extended to one granted a conditional pardon to explain away the accusation that he violated the conditions upon which it was granted. Fleenor v. Hammond, 6 Cir., 116 F.2d 982, 132 A.L.R. 1241, 1247, a habeas corpus proceeding where the reasoning for the result reached (that petitioner had not been accorded constitutional due process) has been subject to criticism. See Ex parte Anderson, supra, 29 A.L.R.2d 1. c. 1066, 1067; Annotation, 29 A.L.R.2d 1. c. 1081 and 1131. It has also been considered that an application for the revocation of a federal parole may be heard informally, in a summary

manner, and that the court is not required to hear evidence on said application. Buhler v. Pescor, W.D.Mo., 63 F.Supp. 632, 639 [16]. See Burns v. United States, 287 U.S. 216, 220, 221, 53 S.Ct. 154, 77 L.Ed. 266.

■ The State had the burden in the burglary trials of establishing defendant's guilt beyond a reasonable doubt. The revocation of defendant's probation is to be upheld if the finding is within the judicial exercise of the discretion of the court. The court was not bound by the verdicts and judgments thereon in the burglary cases. Consult People v. Kuduk, 320 Ill.App. 610, 51 N.E.2d 997 [2, 5]; Bernal-Zazueta v. United States, 9 Cir., 225 F.2d 64, 68 and cases cited at notes 4–6. Nor was the court bound by the recommendations of the parole officer that the probation be continued.

■ We conclude this informal hearing was sufficient for the stated findings of the court that defendant was not being honest and frank with the court; that he was implicated in the burglaries in some way if not guilty of them. If defendant's attempted explanation overtaxed the credulity of the court, we are not inclined to interfere. He had been arrested for the burglaries, taken to the police station about 2:30 a. m., and stated he had committed the offenses. Reviews of proceedings under Rule 27.26 are de novo on the record made. Rule 28.05; State v. Eaton, Mo., 302 S.W. 2d 866 [3], certiorari denied 355 U.S. 912, 78 S.Ct. 338, 2 L.Ed.2d 273. We think this record also supports findings that defendant violated the conditions of his probation requiring him to lead a clean and honest life and to keep good hours and the provisions of § 549.120 that he conduct "himself as a peaceable and law-abiding citizen." While this record demonstrates that thought should be given to the issues and their establishment to avoid later unnecessary labor, time and expense, we conclude it is sufficient to sustain the order of revocation.

The conclusion reached makes unnecessary a determination whether §§ 549.060

through 549.190, particularly § 549.090, authorized the termination of this probation at any time without notice to the probationer.

The judgment should be and is affirmed.

BARRETT and STOCKARD, CC., concurs.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

All of the Judges concur.