STATE of Missouri, Respondent,

v.

James Scott MURPHY, Appellant.

James Scott MURPHY,
Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 53467, 56475 and 56575.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 13, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 11, 1990.

Application to Transfer Denied
May 15, 1990.

Dave Hemingway, St. Louis, for appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Defendant appeals after conviction and sentence in a case tried on an amended information in lieu of indictment which charged defendant committed the class "D" felony of escape from confinement "in that, on Friday, September 13, 1985, at approximately 10:10 a.m., at 501 South Brentwood Blvd., in the City of Clayton, in the County of St. Louis, State of Missouri, defendant, while being held in *confinement after conviction* for robbery in the first degree, a felony, escaped from confinement." (Emphasis added). We find this information failed to charge a crime under § 575.210.1 RSMo 1978. Accordingly, the trial court never acquired jurisdiction. We reverse and remand with directions that the trial court vacate the judgment and sentence.

Escape from confinement is defined in § 575.210.1 RSMo 1978 as follows:

A person commits the crime of escape or attempted escape from confinement if, while being held in confinement after arrest for any crime, or while serving a sentence after conviction for any crime, he escapes from confinement.

A defendant may be charged either for: (1) escape from confinement after arrest for a crime, or, (2) escape from confinement while serving a sentence after conviction. The original Grand Jury indictment of James Scott Murphy charged, "Defendant, *while serving a sentence* after conviction for robbery in the first degree, a felony, escaped from confinement." The indictment stated a crime under the second alternative. However, the amended information attempted to allege a crime for escape from "confinement after conviction for robbery in the first degree" without alleging defendant was serving a sentence. The amended information does not charge either "under arrest for robbery" or "while serving a sentence." It charges only "while held in confinement after conviction for robbery." Essential elements of the

crime are missing under either statutory alternative.

In the present case defendant was originally charged with stealing from a person and robbery first degree. The court sentenced defendant to serve a term of imprisonment of one year in the county jail on the stealing charge and ten years on the robbery charge. It suspended execution of the sentence on the robbery charge and placed defendant on probation for five years. Defendant served the county jail sentence. While on probation he was arrested for "possible probation violation." The day before a probation revocation hearing he escaped from custody. At the time of escape he was not serving a sentence after conviction for robbery. This would account for the alteration of the charged crime of escape from the language in the indictment to the language in the amended information. But the information does not charge escape from confinement after arrest for a crime.

■ There can be no factual dispute that defendant was convicted on a plea of guilty for robbery in the first degree or that he escaped from confinement. For this reason the verdict directing instruction was tantamount to granting a directed verdict of guilty. The verdict directing instruction required the jury to find,

"First, that on or about September 13, 1985, in the County of St. Louis, State of Missouri, the defendant was being held in confinement at the St. Louis County jail after being convicted for robbery in the first degree, and ..."

This instruction was patterned after MAI–CR, 3rd Ed, 329.74. The pattern instruction permits submission of a crime defined in § 575.210.1 during confinement after arrest for a named crime or while serving a sentence after conviction for a named crime. It does not offer a third alternative of escape from confinement after conviction for a named crime but while not serving a sentence for that crime. Defendant would not be guilty of a crime under § 575.210.1 because he escaped after conviction for a particular crime but was confined for some other reason than serving a

sentence for that crime. Obviously, the verdict directing instruction followed the language of the amended information. Both failed to follow either the provisions of § 575.210.1 or MAI–CR 3rd 329.74.

■ "Ordinarily, when a statute provides that a crime may be committed in several different ways, or by differing means, the information must state the way in which the crime was committed." *State v. Stigall,* 700 S.W.2d 851, 854 (Mo.App. 1985). *See also, State v. Charity,* 619 S.W.2d 366, 367 (Mo.App.1981); *State v. Newhart,* 503 S.W.2d 62, 67[2–5] (Mo.App. 1973). "The test of sufficiency of an indictment is whether it contains all essential elements of the offense as set out in the statute and clearly apprises defendant of the facts constituting the offense." *State v. Gilmore,* 650 S.W.2d 627, 628 (Mo. banc 1983). If any of the elements of a crime are missing they cannot be supplied by intendment or implication. *Id.* at 629. If the indictment is insufficient, the court acquires no jurisdiction and whatever transpires thereafter is a nullity. *Id.* at 628. Where an indictment or information is insufficient the resulting lack of jurisdiction of subject matter may not be waived. *State v. Couch,* 523 S.W.2d 612, 615 (Mo. App.1975). An indictment must state plainly, concisely, and definitely the essential facts constituting the offense charged. Rule 23.01(b)(2).

The amended information charged escape from confinement after conviction for robbery in the first degree. This pleading does not state a crime under either of the alternative definitions in § 575.210.1 RSMo 1978. Under the first alternative the state may allege escape from confinement after arrest for robbery. Under the second alternative the state may allege escape from confinement while serving a sentence after conviction for robbery. The amended information does not allege defendant was serving a sentence, an essential element of the second alternative, or confinement after arrest for robbery, an essential element under the first alternative. Accordingly, the amended information was insufficient, the court acquired no jurisdiction and the

proceedings in the trial court were a nullity. *Gilmore*, 650 S.W.2d at 628.

We remand with directions that the trial court vacate the judgment and sentence. We deny defendant's Rule 29.15 appeal as moot.

CRANDALL, J., concurs in separate opinion.

PUDLOWSKI, P.J., dissents.

### CRANDALL, Judge, concurring.

I concur in the opinion of Karohl, J. and write only to express my disagreement with the dissenting opinion of Pudlowski, P.J.

There is substantial evidence in the record to conclude that defendant was put on probation after a conviction for the crime of robbery in the first degree. He was later rearrested for that same crime. The reason for his rearrest for that crime was a possible probation violation. The term "possible probation violation" is simply an explanation for his rearrest for the underlying crime.

A probation revocation hearing is civil in nature in that a defendant is not entitled to the full panoply of rights that he has in a criminal trial. In this case the defendant had previously pleaded guilty and been sentenced. The purpose of the probation revocation hearing was to decide whether that sentence should be executed. If the hearing had occurred and the sentence been ordered executed, it would have been for the conviction of the crime of robbery in the first degree. The reason for ordering the execution of the sentence would have been based on a finding that defendant had violated the terms of his probation.

I agree with the majority that the amended information in this case was legally insufficient to charge defendant with a crime. This despite the fact that the evidence made a submissible case of the crime of escape from confinement after arrest for any crime. Section 575.210.1, RSMo (1986). The State simply failed to charge a crime supported by the evidence.

### PUDLOWSKI, Presiding Judge, dissenting.

I respectfully dissent. I would not remand this matter for possible retrial but would reverse the judgment outright. The issue before us is, does RSMo 575.210.1 provide the elements to cover the facts of this case so that the defendant could be charged and convicted of violating the statute? I believe, for the following reasons, that the answer is No because the statute is inadequate as provided.

This matter came to us on a consolidation of defendant's appeal from a judgment finding him guilty of escape from confinement and sentence to ten years and his appeal from a judgment denying him of post-conviction relief under Rule 29.15.

Defendant had previously pled guilty to stealing from a person and robbery first degree. He served a year in the county jail for the stealing charge. Defendant was placed on probation for the robbery first degree guilty plea. Approximately a year later, a capias warrant was issued for his arrest for possible probation violation. He was arrested. While waiting to be taken from a security van to the courtroom, defendant removed his shackles and cuffs and ran away from two guards. More than a year later he was apprehended and after hearing his probation was revoked.

Subsequently, the defendant was charged by a grand jury indictment with escape from confinement, in violation of RSMo § 575.210. On March 5, 1987 a jury convicted defendant of escape from confinement. In defendant's direct appeal, he claims the court erred for the reason that the state failed to prove beyond a reasonable doubt that defendant was in confinement, after arrest for a crime or serving a sentence, at the time of his escape.

RSMo § 575.210.1 states "A person commits the crime of escape or attempted escape from confinement if, while being held in confinement *after arrest for any crime,* or *while serving a sentence after conviction for any crime,* he escapes or attempts to escape from confinement. [Emphasis mine].

A review of the transcript reveals that the defendant pled guilty to stealing from a person, a class C felony, and to guilty of robbery first degree, a class A felony. After a pre-sentence investigation by the Board of Probation and Parole the court pronounced sentence. He ordered the defendant to serve a term of imprisonment of one year in the St. Louis County facility and sentenced defendant under Count II to ten years in the custody of the Department of Corrections and Human Resources. He then ordered the defendant committed to the prison facility in St. Louis County to serve his time for Count I, however, the court ordered the execution of sentence to be suspended as to Count II and placed defendant on probation for five years subject to rules and provisions of the State Board of Probation and Parole.

Subsequently on May 16, 1984 the judge ordered his arrest and a capias was issued for the arrest of the defendant for *possible probation violation.* The St. Louis County Police Department, in compliance with the capias ordered by Judge Milton Saitz, returned the warrant as executed on July 24, 1985. The revocation hearing was set for August 23 but was continued to September 13, 1985 at the request of defendant's attorney. The defendant was properly advised by notice of the probation hearing and the charges of his violation of the probation order. As a result of his escape on the 12th of September he did not answer the allegations.

We have said that probation revocation is not a criminal proceeding. *Moore v. Stamps,* 507 S.W.2d 939, 949 (Mo.App. 1974) and it is not a part of a criminal prosecution. *Brandt v. Percich,* 507 S.W.2d 951, 957 (Mo.App.1974). In addition, there need not be a conviction in a court of competent jurisdiction before probation is revoked. *Brandt, supra,* p. 957. Further, our Supreme Court has said that a violation of the conditions of probation is not a criminal offense, and a proceeding to revoke is not a criminal prosecution. *State v. Brantley,* 353 S.W.2d 793, 796 (Mo.1962). If the defendant had appeared at the hearing on September 13, he would have appeared at a non-criminal probation revoca-tion hearing during which the hearing judge would have determined if the defendant had violated his probation. The fact he did not appear does not transform a non-criminal probation hearing into a criminal inquiry. He was solely confined on a probation violation. Upon recapture his probation was revoked and he was ordered to serve his previous conviction because he violated his probation.

I would reverse the conviction for an insufficiency of evidence to prove an essential element of the crime charged; namely, the defendant did not escape from confinement while either being held in confinement after arrest for any crime or while serving after conviction for any crime.