**STATE of Missouri, Respondent,**

v.

**Shawn C. HAYNES, Appellant.**

**No. WD 57286.**

Missouri Court of Appeals, Western District.

May 16, 2000.

Craig A. Johnston, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Barbara K. Chesser, Asst. Atty. Gen., Jefferson City, for respondent.

Before: BRECKENRIDGE, C.J., and LAURA DENVIR STITH and EDWIN H. SMITH, JJ.

EDWIN H. SMITH, Judge.

Shawn C. Haynes appeals the judgment of his conviction and sentence in the Circuit Court of Lafayette County for escape from custody, § 575.200,[1] after a bench

---

**1.** All statutory references are to RSMo 1994, unless otherwise indicated.

trial for which he was sentenced, as a prior and persistent offender, §§ 558.016 and 557.036, RSMo Supp.1996, to five years imprisonment in the Missouri Department of Corrections, to be served consecutively to the sentences he was then serving for two prior forgery convictions.

Although denominated as one point in his points relied on, the appellant in actuality raises two points on appeal. He first claims that the trial court erred in overruling his motions for judgment of acquittal at the close of the State's evidence and all the evidence because there was insufficient evidence to support his conviction of escape from custody in that the State's evidence did not establish, as required under § 575.200, the essential element of the crime that at the time he escaped, he was "being held in custody after arrest for any *crime.*" (Emphasis added.) He also claims that the trial court erred in overruling his pretrial motion to dismiss the charge against him because the indictment was insufficient in that it failed to plead this requisite element.

We reverse.

### Facts

On September 22, 1997, the appellant pled guilty to two counts of forgery, § 570.090, in the Circuit Court of Lafayette County, for which he was sentenced to two consecutive terms of five years imprisonment in the Missouri Department of Corrections. The trial court suspended execution of his sentences and placed him on probation for five years.

On January 21, 1998, the circuit court suspended the appellant's probation and issued a warrant for his arrest for a probation violation. On February 22, 1998, Officers Kyla Bodenstab and Gregory Guinn of the Higginsville Police Department executed the warrant at the appellant's girlfriend's house. The officers did not place handcuffs on the appellant because he had a splint on his left wrist. Officer Bodenstab transported the appellant to the police department. As she pulled into the police

department's parking lot, the appellant told her that he "couldn't handle this, she would have to shoot him, he wasn't going back to jail." He then jumped out of the vehicle and started running. Shortly thereafter, he was apprehended by Officer Guinn and placed under arrest again.

On April 16, 1998, a Lafayette County grand jury returned an indictment against the appellant, charging him with the class D felony of escape from custody, § 575.200. In pretrial proceedings on November 3, 1998, the appellant waived his right to a jury trial. He also filed a "Motion to Dismiss for Failure of State to Charge a Crime," claiming that because he was not being held in custody after arrest for any crime when he escaped, as required by § 575.200, the State had "failed to file an indictment that charge[d] a crime," and the court could not convict him of escape from custody as charged. The court took the motion under advisement, indicating that it would rule on it at the close of the State's evidence.

The case proceeded to a bench trial. At the close of the State's evidence, the appellant filed a motion for judgment of acquittal, which the trial court overruled, as well as his motion to dismiss. The defense then rested, without presenting evidence, and filed a motion for judgment of acquittal at the close of all the evidence, which the trial court also overruled. The court then found the appellant guilty of escape from custody, § 575.200, and sentenced him, as a prior and persistent offender, to five years imprisonment in the Missouri Department of Corrections, to be served consecutively with the sentences he was then serving for the two prior forgery convictions.

This appeal follows.

### I.

As to the appellant's claim that the indictment charging him with the offense of escape from custody was fatally defective in that it failed to allege the essential

element of the offense, that at the time he escaped, he was "being held in custody after arrest for any crime," § 575.200, the State concedes the point and acquiesces in his conviction being reversed. We agree.

■ "[T]he test for the sufficiency of an indictment or information is 'whether it contains all the essential elements of the offense as set out in the statute [creating the offense].' " *State v. Pride*, 1 S.W.3d 494, 502 (Mo.App.1999) (*quoting State v. Hyler*, 861 S.W.2d 646, 649 (Mo.App.1993) (citation omitted)), *cert. denied*, —— U.S. ——, 120 S.Ct. 1269, —— L.Ed.2d —— (2000). "To be sufficient, the indictment must also clearly advise the defendant of the facts constituting the offense so that he may prepare an adequate defense and prevent retrial on the same charges in case of an acquittal." *Id.*

In *State v. Rotter*, 958 S.W.2d 59 (Mo. App.1997), the defendant was convicted of failing to drive on the right side of the roadway, § 304.015.2, RSMo Supp.1996. *Id.* at 61, 65. The amended information charged that the defendant " 'fail[ed] to keep said motor vehicle as near the right hand side of the highway as practicable.' " *Id.* at 65–66. The Missouri Court of Appeals held that failing to drive a motor vehicle as near the right hand side of the roadway as practicable, as was alleged in the information, did not constitute an offense under § 304.015.2, RSMo Supp.1996, and, as such, the information "failed to assert an essential element of the offense" because it did not claim that the defendant "failed to drive the motor vehicle he was then operating upon the right half of the roadway." *Id.* at 66. The court found that the offense of failing to drive on the right side of a roadway was never properly charged and reversed the defendant's conviction. *Id.*

In *State v. Keith*, 839 S.W.2d 729 (Mo. App.1992), the defendant was convicted of the class A misdemeanor of violation of an ex parte order of protection and an ex parte order of child protection, in violation of §§ 455.045 and 455.085. *Id.* at 730. On appeal, the defendant claimed that the information charging him was insufficient because it "failed to allege facts sufficient to constitute a violation under Section 455.085, RSMo Supp.1991, the protective order under the Adult Abuse Act." *Id.* The Missouri Court of Appeals held that:

> The information failed to allege that [the defendant] either "abused" [the alleged victim] under any of the definitions provided within Section 455.010, RSMo Supp.1991, or entered onto the premises of her dwelling unit. The allegation [in the information] that [the defendant] "had contact with and disturbed the peace of [the alleged victim]" does not sufficiently state elements which constitute a violation under Section 455.085.7, RSMo Supp.1991.

*Id.* at 732 (footnote omitted). The court reversed the defendant's conviction and ordered him discharged. *Id.*

■ In this case, on April 16, 1998, a grand jury in the Circuit Court of Lafayette County returned an indictment charging the appellant with the class D felony of escape from custody, § 575.200. Section 575.200.1 provides that "[a] person commits the crime of escape from custody or attempted escape from custody if, while being held in custody after arrest for any crime, he escapes or attempts to escape from custody." The indictment provided, in pertinent part:

> The Grand Jurors of the County of Lafayette, State of Missouri, charges that the defendant, in violation of Section 575.200 R.S.Mo., committed the Class D Felony of ESCAPE FROM CUSTODY punishable upon conviction under Sections 558.011.1(4) & 560.011, R.S.Mo., in that on or about February 22, 1998 in the County of Lafayette, State of Missouri, the defendant, acting either alone or knowingly in concert with others, while being held in custody after arrest for violating the terms of his probation for the felony of Forgery, in case number 197–37F out of the Circuit

Court of Lafayette County, escaped from custody[.]

The appellant claims that the indictment was insufficient because it failed to allege that at the time of his escape, he was being held after arrest for any *crime*, an essential element of the offense of escape from custody, in that, at the time of his escape, he was being held after arrest for a probation violation, which is not a criminal offense.

The record reflects that at the time of the appellant's escape from custody on February 22, 1998, he was being held in custody after arrest for a violation of the conditions of his probation. "[The Missouri] Supreme Court has said that a violation of the conditions of probation is not a criminal offense." *State v. Murphy*, 787 S.W.2d 794, 798 (Mo.App.1990) (Pudlowski, P.J., dissenting) (*citing State v. Brantley*, 353 S.W.2d 793, 796 (Mo.1962)); *State ex rel. Cooper v. Hutcherson*, 684 S.W.2d 857, 858 (Mo.App.1984). As such, when the appellant escaped from custody on February 22, he was not "being held in custody after arrest for any crime," as required for conviction under § 575.200.1. Thus, the indictment was fatally defective in charging the appellant with a crime in that it failed to allege an essential element of the crime sought to be charged, requiring us to reverse his conviction for the same. *Rotter*, 958 S.W.2d at 66; *Keith*, 839 S.W.2d at 732.

### Conclusion

The judgment of the circuit court of the appellant's conviction of escape from custody, § 575.200, is reversed, and he is ordered discharged as to his conviction of this offense.

BRECKENRIDGE, C.J., and LAURA DENVIR STITH, J., concur.