STATE of Missouri, Plaintiff/Appellant,

v.

Dustin FERNOW,
Defendant/Respondent.

No. ED 94384.

Missouri Court of Appeals,
Eastern District,
Southern Division.

Nov. 9, 2010.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 21, 2010.

Patrick L. King, Farmington, MO, for Plaintiff/Appellant.

Ellen H. Flottman, Columbia, MO, for Defendant/Respondent.

SHERRI B. SULLIVAN, J.

### Introduction

The State of Missouri (the State) appeals from the trial court's judgment granting Dustin S. Fernow's (Respondent) Motion to Dismiss For Failure to Charge an Offense, thereby dismissing the Information charging Respondent with the Class D felony of escape from custody in violation of Section 575.200.[1] We affirm.

### Factual and Procedural Background

On June 4, 2007, Respondent pled guilty to second-degree burglary and was placed on probation. On February 4, 2008, Respondent admitted to violating the terms of his probation, which was thereafter revoked. The trial court sentenced Respondent to seven years in the Department of Corrections, but suspended the execution of that sentence, and again released Respondent on probation.

On April 6, 2009, the trial court called Respondent's case for revocation of his probation again. Respondent failed to appear. The trial court issued a *capias* warrant for Respondent's arrest. Later that same day Respondent appeared at court and was taken into custody by Deputy Sheriff Jana Gillam (Gillam). Respondent subsequently ran out of the courtroom eluding Gillam and others in pursuit and was recaptured a short time later a few blocks away from the courthouse. Respondent was charged by information with escape from custody.

Respondent filed a motion to dismiss that charge, alleging the escape statute did not apply to custody occasioned by a probation violation. On February 16, 2010, the trial court granted Respondent's motion. This appeal follows.

### Point Relied On

The State contends that the trial court erred in dismissing the information as insufficient because Respondent allegedly escaped while he was in custody for a "crime" for purposes of Section 575.200.

### Standard of Review

The standard of review to determine whether the trial court erred in sustaining the motion to dismiss requires that the information: (1) properly advise the defendant of the nature and cause of the accusation against him; (2) consist of a plain, concise and definite written statement of the essential facts constituting the offense charged; (3) state facts which constitute the offense charged with reasonable certainty; and (4) make the averments so clear and distinct that there could be no difficulty in determining what evidence would be admissible under them. *State v. Kline*, 717 S.W.2d 849, 852 (Mo. App. E.D.1986). As in *Kline*, this appeal relates to the second standard, and the issue is whether the information pleads a criminal offense.

### Discussion

" '[T]he test for the sufficiency of an indictment or information is 'whether it contains all the essential elements of the

1. All statutory references are to RSMo 2008, unless otherwise indicated.

offense as set out in the statute [creating the offense].'" *State v. Haynes,* 17 S.W.3d 617, 619 (Mo.App. W.D.2000), quoting *State v. Pride,* 1 S.W.3d 494, 502 (Mo. App. W.D.1999) (further citations omitted). Respondent was charged with felony escape from custody as set forth in Section 575.200. Section 575.200 provides:

1. A person commits the crime of escape from custody or attempted escape from custody if, *while being held in custody after arrest for any crime,* he escapes or attempts to escape from custody.

2. Escape or attempted escape from custody is a class A misdemeanor unless:

(1) It is effected or attempted by means of a deadly weapon or dangerous instrument or by holding any person as hostage, in which case escape or attempted escape from custody is a class A felony;

(2) The person escaping or attempting to escape is under arrest for a felony, in which case escape from custody is a class D felony.

[Emphasis added.]

The Information in the instant case reads as follows:

The Special Prosecuting Attorney of the County of Washington, State of Missouri, charges that the defendant, in violation of Section 575.200, RSMo, committed the class D felony of escape from custody, punishable upon conviction under Section(s) 558.011 and 560.011, RSMo., in that on or about April 6, 2009, in the County of Washington, State of Missouri, the defendant, while being

held in custody after arrest for burglary, a felony, knowingly escaped from custody.

However, Respondent was not in custody after arrest for burglary. At the time Respondent absconded, he was being held in custody pursuant to a *capias* warrant issued for his failure to appear at his probation revocation hearing, where burglary was the underlying offense.

The problems with the Information in this case are analogous to those in *State v. Murphy,* 787 S.W.2d 794 (Mo.App. E.D. 1990). In *Murphy,* the defendant, while on probation was arrested for a possible probation violation. *Id.* at 796. The day before the probation revocation hearing he escaped from custody. *Id.* At the time of escape he was not serving a sentence after conviction for robbery. *Id.* The State's amended information charged the defendant with escape from confinement after conviction for robbery in the first degree. *Id.* at 796. We determined that this pleading did not state a crime under either of the alternative definitions in Section 575.210.1 RSMo.1978.[2] We stated:

Under the first alternative the state may allege escape from confinement after arrest for robbery. Under the second alternative the state may allege escape from confinement while serving a sentence after conviction for robbery. The amended information does not allege defendant was serving a sentence, an essential element of the second alternative, or confinement after arrest for robbery, an essential element under the first al-

2. Section 575.210.1 provides:
A person commits the crime of escape or attempted escape from confinement if, while being held in confinement after arrest for any crime, while serving a sentence after conviction for any crime, or while at an institutional treatment center operated by the department of corrections as a condition of probation or parole, such person escapes or attempts to escape from confinement.

ternative. Accordingly, the amended information was insufficient.

*Id.* at 796.

Judge Crandall wrote an opinion concurring with the majority:

> There is substantial evidence in the record to conclude that defendant was put on probation after a conviction for the crime of robbery in the first degree. He was later rearrested for that same crime. The reason for his rearrest for that crime was a possible probation violation. The term "possible probation violation" is simply an explanation for his rearrest for the underlying crime.
>
> A probation revocation hearing is civil in nature in that a defendant is not entitled to the full panoply of rights that he has in a criminal trial. In this case the defendant had previously pleaded guilty and been sentenced. The purpose of the probation revocation hearing was to decide whether that sentence should be executed. If the hearing had occurred and the sentence been ordered executed, it would have been for the conviction of the crime of robbery in the first degree. The reason for ordering the execution of the sentence would have been based on a finding that defendant had violated the terms of his probation.
>
> > I agree with the majority that the amended information in this case was legally insufficient to charge defendant with a crime. This despite the fact that the evidence made a submissible case of the crime of escape from confinement after arrest for any crime. Section 575.210.1 RSMo (1986). The State simply failed to charge a crime supported by the evidence.

*Id.* at 797. In *State v. Sapp*, 55 S.W.3d 382, 384 (Mo.App. W.D.2001), the State argued that the reasoning set forth in Judge Crandall's concurring opinion in

*Murphy*, that an arrest for a possible probation violation is a "rearrest" for the underlying crime, was simply a matter of common sense. *Sapp*, 55 S.W.3d at 385. The State maintained that " '[i]f that were not the case, individuals could, with complete impunity, hinder prosecution or resist or interfere with an arrest ... simply because the police were attempting to rearrest a fugitive for a particular crime after he or she had been placed on probation or parole.' " *Id.* (citations omitted). The *Sapp* court responded to that argument, and we reluctantly must agree, that,

> [a]s compelling as the state's common sense argument is, we are bound by the General Assembly's statute. It is the General Assembly who determines what shall constitute hindrance of prosecution, and it has restricted it [sic] application to hindering officers from apprehending a person for conduct 'constituting a crime.' [The defendant] was not wanted by officers for conduct constituting a crime; hence, § 575.030.1(4) was not applicable to this case.

*Id.* at 385.

■ Violating the conditions of probation is not a criminal offense. *Sapp*, 55 S.W.3d at 383. "Indeed, this was the Supreme Court's ruling in *State v. Brantley*, 353 S.W.2d 793 (Mo.1962), in which the court explained, 'A violation of the conditions [of probation] is not a criminal offense, and a proceeding to revoke obviously is not a criminal prosecution within the constitutional provisions.' " *Id.*, quoting *Brantley*, 353 S.W.2d at 796; see also *Haynes*, 17 S.W.3d at 620. Probation is power granted by the General Assembly to the judiciary to lessen the impact of a criminal sentence on the defendant, and probation operates independently of the criminal sentence. *Sapp*, 55 S.W.3d at 383; see also *McCulley v. State*, 486 S.W.2d 419, 423 (Mo.1972); *Bell v. State*,

996 S.W.2d 739, 743 (Mo.App. S.D.1999). Accordingly, the Information charging Respondent with escape from custody pursuant to an arrest for burglary fails to state a charge against Respondent, because he was in custody for failing to appear at a probation revocation hearing.

In his brief, Respondent claims that the parties stipulated at the hearing on the motion to dismiss that Respondent was not under arrest for burglary, but in fact for failure to appear at a probation revocation hearing. The probable cause statement issued by Gillam also indicates that the arrest warrant was for failure to appear at the probation revocation hearing. Even if the Information was amended to state that Respondent was being held in custody after being arrested for failing to appear at the probation revocation hearing, that charge would also be insufficient for the following reasons. Section 544.665, the failure to appear statute, provided as follows at the time Respondent failed to appear for his probation revocation hearing:

> 1. In addition to the forfeiture of any security which was given or pledged for a person's release, any person who, having been released pursuant to sections 544.040 to 544.665, or upon a recognizance or bond pursuant to any other provisions of law, willfully fails to appear before any court or judicial officer as required shall be guilty of an offense and punished as follows....

The current version of Section 544.665 has been amended by the General Assembly to include probation or parole revocations in the categories of proceedings where it is a crime to fail to appear, to-wit:

> 1. In addition to the forfeiture of any security which was given or pledged for a person's release, any person who, having been released upon a recognizance or bond pursuant to any other provisions of law while pending preliminary hearing, trial, sentencing, appeal, probation or parole revocation, or any other stage of a criminal matter against him or her, knowingly fails to appear before any court or judicial officer as required shall be guilty of the crime of failure to appear.

Section 544.665 RSMo Supp.2009. This change became effective August 28, 2009. Respondent's actions leading to the escape charge occurred on April 6, 2009. Therefore, because at the time Respondent fled custody pursuant to an arrest warrant for failure to appear at his probation revocation hearing, such a proceeding was not included in the failure to appear statute, any information charging him with felony escape from custody based on a failure to appear would also be insufficient.

Based on the foregoing, we find that the trial court did not err in dismissing the Information charging Respondent with escape from custody after arrest for burglary. We also find that the parties' stipulation that Respondent in fact escaped from custody pursuant to an arrest for failure to appear at his probation revocation hearing does not change this result, because the statute making failure to appear at a probation revocation hearing an independent crime was not in effect yet at the time Respondent failed to appear in this case. The State's point on appeal is denied.

*Conclusion*

The judgment of the trial court is affirmed.

MARY K. HOFF, P.J., and NANNETTE A. BAKER, J., concur.