

# Missouri Court of Appeals

## Southern District

### Division Two

STATE OF MISSOURI,               )
                                 )
    Plaintiff-Appellant,     )
                                 )
v.                               )    No. SD36661
                                 )
SHANE WILLIAM JOHNSON,           )    **December 22, 2020**
                                 )
    Defendant-Respondent.    )

### APPEAL FROM THE CIRCUIT COURT OF PHELPS COUNTY

Honorable William E. Hickle

**<u>AFFIRMED</u>**

The State appeals the trial court's judgment notwithstanding the verdict ("JNOV")

that (1) set aside the jury's verdict that Shane William Johnson ("Defendant") was guilty of

the enhanced class-E felony of resisting arrest; and (2) convicted Defendant instead of the

unenhanced class-A misdemeanor of resisting arrest.[1]

The State's single point claims the trial court

> erred in setting aside [Defendant]'s guilty verdict for felony Resisting Arrest,
> because there was sufficient evidence to establish [that Defendant] was
> arrested for the felony offense of Possession of a Controlled Substance, in

---

[1] See section 575.150.  Unless otherwise noted, all statutory citations are to RSMo 2016.

> Our cases have made a single exception to the principle that acquittal by judge precludes
> reexamination of guilt no less than acquittal by jury:  When a jury returns a verdict of guilty
> and a trial judge (or an appellate court) sets aside that verdict and enters a judgment of
> acquittal, the Double Jeopardy Clause does not preclude a prosecution appeal to reinstate the
> jury verdict of guilty.

***Smith v. Massachusetts***, 543 U.S. 462, 467 (2005).

that [Defendant] was shown to be on parole for felony Possession of a Controlled Substance, parole time is legally service of a prison sentence, and thus parole violations do not provide a basis for arrest independent of an underlying felony sentence.

Finding no merit in that claim, we affirm.

## Background

Defendant failed to report as directed to his parole officer, Melissa Roark ("P.O. Roark"), in December 2018 and January 2019, and she issued a warrant for his arrest. She testified that she issued the warrant based solely upon Defendant's failure to report and to get assessed for potential substance abuse treatment and mental health services.[2]

Trooper Blake Rowden ("Trooper Rowden") and Corporal Ward of the Missouri State Highway Patrol went to an apartment complex to arrest Defendant on the parole warrant. After the officers informed Defendant that they had a warrant for his arrest, Defendant "tried to deny being himself." Trooper Rowden, certain of Defendant's identity, instructed Defendant to place his hands behind his back. As Trooper Rowden attempted to handcuff Defendant, Defendant spun toward him. Trooper Rowden described it as "aggressive. Like, I mean, he turned toward me. I knew he was going to fight." Trooper Rowden grabbed Defendant's waist, pinned him to the couch, and again told him to place his hands behind his back. Defendant continued to fight and tried to bite Trooper Rowden's arm.

The State's indictment alleged that

[D]efendant, in violation of Section 575.150, RSMo, committed the class E felony of resisting an arrest, punishable upon conviction under Sections 558.002 and 558.011, RSMo, in that on or about February 2, 2019, in the County of Phelps, State of Missouri, [Trooper Rowden], a law enforcement officer, was making an arrest of [D]efendant for a possession of a controlled substance, a felony offense, and [D]efendant knew or reasonably should have

---

[2] This testimony was the only evidence presented at trial about why Defendant was being arrested.

known that the officer was making an arrest, and, for the purpose of preventing the officer from effecting the arrest, resisted the arrest of [D]efendant by using violence or physical force.

After the jury found Defendant guilty as charged, defense counsel filed a motion for JNOV. Defendant argued that his arrest on a parole warrant did not fit any of the statutory provisions that enhance resisting arrest to a felony. The trial court agreed, reasoning that

> [s]ection 575.150.2 makes clear that the resisting arrest statute applies to arrests for warrants issued by a probation and parole officer. That makes resisting arrest in violation of the statute at least a misdemeanor. However, in deciding which offenses are enhanced to a felony, 575.150.5 distinguishes between a warrant issued for a probation violation on a felony case and a warrant issued for a parole violation on a felony case. Resisting arrest for a warrant issued for a *probation violation* on a felony case is enhanced to a class E felony under [section] 575.150.5(3). The legislature did not see fit to assess the same penalty for a parole violation. Resisting arrest for a warrant issued for a *parole violation* is not enhanced as a felony under [section] 575.150.5, and thus is a class A misdemeanor.

## Analysis

Depending upon the circumstances, resisting arrest can qualify as either a felony or a misdemeanor. ***State v. Shaw***, 592 S.W.3d 354, 358 (Mo. banc 2019). The governing law applicable here provides:

1. A person commits the offense of resisting or interfering with arrest . . . if he or she knows or reasonably should know that a law enforcement officer is making an arrest . . . , and for the purpose of preventing the officer from effecting the arrest, . . . he or she:

(1) Resists the arrest, stop or detention of such person by using or threatening the use of violence or physical force or by fleeing from such officer; or

(2) Interferes with the arrest, stop or detention of another person by using or threatening the use of violence, physical force or physical interference.

2. This section applies to:

     . . . .

(3) Arrests for warrants issued by a court or a *probation and parole* officer.

3

Section 575.150 (emphasis added).

Defendant's resisting arrest would constitute a class-A misdemeanor unless the State proved that the arrest was for a:

(1) Felony;

(2) Warrant issued for failure to appear on a felony case; or

(3) Warrant issued for a *probation* violation on a felony case.

Section 575.150.5 (emphasis added).

We agree with the trial court's ruling that Defendant's arrest did not fall into any of these three categories. "This Court's primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of the statute at issue." ***State v. James***, 605 S.W.3d 132, 134 (Mo. App. S.D. 2020) (quoting ***Ivie v. Smith***, 439 S.W.3d 189, 202 (Mo. banc 2014)). "There is no need to resort to rules of construction if the language is plain and unambiguous." ***Id.*** (quoting ***State v. Owen***, 216 S.W.3d 227, 229 (Mo. App. W.D. 2007)). Under the plain language of section 575.150.5, resisting an arrest on a parole warrant does not constitute a class-E felony.

Our conclusion is consistent with ***State v. Steward***, 608 S.W.3d 184 (Mo. App. E.D. 2020), which examined whether the resisting statute permitted felony enhancement for resisting a lawful *stop* that did not result in an arrest. The eastern district of our court held that the legislature's exclusion of the phrase "lawful stop" from the enhancement section of 575.150.5 (and its *inclusion* of that term in the final paragraph regarding flight that creates a substantial risk), means that a person must resist *arrest* for a felony; resisting a lawful stop is not sufficient. ***Id.*** at 192.

> It is well settled, in interpreting a statute, that the legislature is presumed to have acted intentionally when it includes language in one section of a statute, but omits it from another. A disparate inclusion or exclusion of particular language in another section of the same act is powerful evidence of legislative intent.

*Id.* at 191-92 (quoting **State v. Meeks**, 427 S.W.3d 876, 878 (Mo. App. E.D. 2014)). Applying the same reasoning here, we presume that the omission of parole warrants from the enhancement section was intentional, and that resisting an arrest on a parole warrant does not elevate the resistance to a felony.

In an attempt to avoid the plain language of section 575.150.5(3), the State contends -- without citation to the record or any supporting legal authority -- that Defendant's resisting arrest qualified as a felony under section 575.150.5(1) because Trooper Rowden's arrest of Defendant constituted a "re-arrest" for his underlying felony offense of possession of a controlled substance.

To be guilty of felony resisting arrest under section 575.150.5(1), the defendant must be arrested "because of" or "on account of" a criminal offense that constitutes a felony as a matter of law. **Shaw**, 592 S.W.3d at 359 (quoting *Webster's New Int'l Dictionary* 886 (3d ed. 2002)). In the context of an arrest for a probation violation, our supreme court rejected an argument that the defendant was being re-arrested on account of his underlying crime. **State v. Brantley**, 353 S.W.2d 793, 796 (Mo. 1962) (stating that "[a] violation of the conditions [of probation, parole, or pardon] is not a criminal offense, and a proceeding to revoke obviously is not a criminal prosecution"). *See also* **State v. Sapp**, 55 S.W.3d 382,

383-84 (Mo. App. W.D. 2001).[3]

The same is true here. While Defendant's parole stemmed from a felony offense, he correctly argues that he was not being arrested by Trooper Rowden "because of" or "on account of" that underlying felony offense; the only evidence presented at trial was that Defendant was arrested for violating the conditions of his parole – namely, for failing to report to his parole officer and failing to obtain assessments for potential substance-abuse treatment and mental-health services.

The State's point is denied, and the judgment of the trial court is affirmed.

DON E. BURRELL, J. – OPINION AUTHOR

JEFFREY W. BATES, P.J. – CONCURS

GARY W. LYNCH, J. – CONCURS

---

[3] In an attempt to avoid the application of **Brantley** and **Sapp**, the State argues, again without citation to supporting legal authority, that "defining differences . . . between *probation* and *parole* . . . . make an arrest for a felony parole violation a rearrest for the conviction underlying the original imprisonment." To the contrary, while **Brantley** distinguished between probation and parole in that parole "operates prior to the expiration and after the commencement of the service of sentence; and 'probation' is granted prior to the imposition of sentence or prior to the commencement of the service of a sentence imposed[,]" 353 S.W.2d at 795, it nonetheless treated them the same in the context of a motion to revoke, in that "[t]he liberty given to a person on conditional probation, parole, or pardon is subject to all conditions attached to his release which are not illegal, immoral or impossible of performance." *Id.* at 796.