STATE OF MISSOURI, Appellant, v. KELLY, Defendant.

St. Louis Court of Appeals, December 15, 1903.

1. **MUNICIPAL CORPORATIONS: City Officers: Misdemeanor.** A member of a municipal assembly of a city is a "city officer" within the meaning of section 2346, Revised Statutes 1899, and is guilty of a misdemeanor if he becomes interested in any contract with the city.

2. ———: ———: **Punishment.** He may be punished for such misdemeanor although the same statute provides for his removal from office as a penalty for the offense.

3. **CRIMES: Misdemeanor: Indictment.** An indictment which charges the offense in the language of the statute and is sufficiently definite to inform the defendant with what he is charged, is sufficient.

Appeal from St. Louis Court of Criminal Correction.— *Hon. Wm. C. Jones,* Judge.

REVERSED AND REMANDED (*with directions*).

*Charles P. Williams* for appellant.

(1) The indictment may be placed either under R. S. 1899, sec. 2346, or sec. 2105. Preferably the latter, but one of the two must apply. (2) The indictment may best be assigned to section 2105, which is not a penalty clause. The duty here is imposed by the implied prohibition of the charter. (3) The indictment sufficiently charges "corruption," if it be necessary. See State v. Hatch, 116 N. C. 1003; P. v. Bedell, 2 Hill 196; Rex v. Holland, 5 D. & E. 623, l. c.; People v. Norton, 7 Barbour 479, l. c.; Rex v. Saintsbury, 4 D. & E. 457, l. c.; State v. Ragsdale, 59 Mo. App. 590; State v. Grassle,

74 Mo. App., l. c. 316. (4) The indictment does not show duplicity on its face.

BLAND, P. J.—The indictment is as follows:
"State of Missouri, city of St. Louis, ss.:

"Circuit court, city of St. Louis, April Term, 1902.

"The grand jurors of the State of Missouri, within and for the body of the city of St. Louis now here in court duly impaneled, sworn and charged, upon their oaths present; that one Charles F. Kelly, at the city of St. Louis aforesaid, and on or about the third day of February in the year one thousand, nine hundred and two, was a public officer of the said city of St. Louis, and an officer and a person holding a public trust in and for the said city of St. Louis, to-wit; a member of the House of Delegates, and of the Municipal Assembly of the said city of St. Louis (which said city of St. Louis was then and there a municipal corporation of the said State of Missouri), duly elected and qualified; and that the said Charles F. Kelly was then and there guilty of willful misconduct and misdemeanor in office, in this, to-wit: that it was then and there provided by the charter of the said city of St. Louis, that no member of the Municipal Assembly of said city should be directly or indirectly interested in any contract with said city or any department or institution thereof, and further that no elected or appointed officer of said city of St. Louis should be interested, directly or indirectly in any contract with said city either for work to be performed or supplies to be furnished; and that he, the said Charles F. Kelly, then and there unlawfully devising and intending to violate and evade the provisions of the said charter of the city of St. Louis aforesaid and to betray and prostitute the trust and confidence reposed in him as such member of the House of Delegates as aforesaid, did then and there unlawfully and fraudulently, under the assumed name of John J. Maher, make and enter into certain contracts with the said city of St. Louis—by

and through the officers, agents and servants of the said city—to perform work and furnish supplies to the said city and to departments and institutions thereof, and to supply printing for sundry departments and institutions of said city—to-wit; to print bill-heads, blanks and other necessary stationery, for the police department of said city and to print bills pending before the city council and House of Delegates of the Municipal Assembly of said city; and did then and there, unlawfully and fraudulently under the assumed name of John J. Maher, perform the work and furnish the supplies under said contracts, to-wit; said printing to said city and to the said departments, and did unlawfully and fraudulently under the said assumed name of John J. Maher, collect from the said city the amounts to be paid for said work and supplies by the said city under said contracts, to an amount exceeding the sum of one thousand dollars; contrary to the form of the statute in such case made and provided and against the peace and dignity of the State.

"W. Scott Hancock,

"Assistant Circuit Attorney."

Defendant moved to quash on the following grounds

"First. Because the defendant was not at the time alleged in said indictment a 'city officer' within the meaning of the statute upon which said indictment is founded, and was not, therefore, amenable to said statute.

"Second. Because he is charged in said indictment with unlawfully devising and intending to violate and evade certain provisions of the charter of the city of St. Louis which if true, does not constitute a criminal offense against the law of this State.

"Third. Because said indictment does not charge this defendant with any criminal offense against the laws of this State.

"Fourth. Because said indictment is vague, uncertain, indefinite and bad for duplicity.

"Fifth. Because the statute upon which said indictment is founded prescribes a penalty for its violation, which is not enforcible by indictment."

The motion to quash was sustained, the indictment quashed and defendant was discharged. The State appeals.

The indictment is based on section 2346, R. S. 1899, which reads as follows:

"If any city officer shall be directly or indirectly interested in any contract under the city, or in any work done by the city, or in furnishing supplies for the city, or any of its institutions, he shall be deemed guilty of a misdemeanor; and any appointed officer becoming so interested shall be dismissed from office immediately by the mayor; and upon the mayor becoming satisfied that any elective officer is so interested, he shall immediately suspend such officer and report the facts to the council, whereupon the council as soon as practicable, shall be convened to hear and determine the same; and if, by two-thirds vote of the council, he be found so interested, he shall be immediately dismissed from such office."

It is not based on section 2105, as claimed by the State; the latter section (2105) having reference to officers holding office under some law of the State and hence does not include city officers.

The respondent has filed no briefs and we are not advised by the one filed by appellant of the views entertained by the lower court in respect to the indictment, nor on what particular ground or grounds the indictment was held invalid. The first ground assigned in the motion is that defendant, being a member of the Municipal Assembly of the city, was not a city officer within the meaning of section 2345, supra. An officer is defined by Bouvier to be: "One who is lawfully invested with an office," and legislative officers as: "Those whose duties relate mainly to the enactment of laws." "The test is that it is a part of the administration of

government," said the Supreme Court of North Carolina in Eliason v. Coleman, 86 N. C. 235.

In Vaughn v. English, 8 Cal. 39, it was held that the term includes all persons in any public station or employment, conferred by the government.

In Morrill v. Haines, 2 N. H. 246, it was held: "A representative of the State legislature is a 'State officer.'" So also is a member of a municipal assembly a city officer.

But as the statute provides that a member of a municipal assembly may, for violation of the statute be removed from office, the fourth ground of the motion seems to assume that removal from office is the only penalty with which he can be visited for a violation of this statute. This inference can not be drawn from the section itself; nor is it reconcilable with other provisions of the criminal code, which provide, on conviction of certain officers of certain offenses, in addition to the penalty described, they shall be removed from office. No reason can be assigned for exempting a member of a municipal assembly of a city from the punishment prescribed for a violation of the statute. Certainly that he may be removed from office is no sufficient reason, or any reason at all, that he should be exempted from criminal punishment. The statute has not made the exemption and is not within the power of the courts to engraft one upon it in favor of this class of municipal officers.

There are some superfluous allegations in the indictment; but they may be rejected. When rejected enough remains to expressly charge that the defendant, while a city officer, became interested, under an assumed name, in contracts for furnishing supplies for the city. The indictment charges the offense in the language of the statute and is sufficiently definite and certain to fully inform the defendant with what he is charged, and we can see no substantial objection to it.

We reverse the judgment with directions to the

lower court to set aside its order quashing the indictment and to overrule the motion to quash. *Goode* and *Reyburn, JJ.,* concur; the former expresses no opinion as to whether sec. 2105, R. S. 1899, is applicable to city officers.