**STATE of Missouri, Plaintiff-Appellant,**

v.

**Maynard KLINE,
Defendant-Respondent.**

No. 50999.

Missouri Court of Appeals,
Eastern District,
Northern Division.

June 24, 1986.

Steven Eugene Raymond, Shelbyville, for plaintiff-appellant.

John Boyd Morthland, Hannibal, for defendant-respondent.

KAROHL, Judge.

State of Missouri appeals under § 547.-210 RSMo 1978 the judgment of the Circuit Court of Shelby County, Missouri, dismissing state's charges against defendant Maynard Kline because the information failed to plead a crime in violation of § 79.360 RSMo 1978. Affirmed.

By referring to defendant's motion to dismiss the necessary facts to understand this appeal may be found. Defendant Alderman of the City of Shelbina, Missouri, voted in favor of Ordinance No. 808. It is this act which appellant State contends was a crime. The motion alleges that the information fails to state a plain, concise and definite statement of facts constituting a criminal offense. A certified copy of the minutes of the city counsel meeting of June 11, 1985 and Ordinance No. 808 of the city were attached and incorporated into the motion. The ordinance is "an ordinance to vacate the street and alleys in Mitchell's Addition to the City of Shelbina, Missouri." At the city counsel meeting on that date the board of aldermen deemed it necessary to vacate a street and three alleys. The ordinance recognized as to each, "[t]he property beneficially or injuriously affected by the proposed vacation, being the abutting property and when vacated the same will revert to the abutting property owners." According to the minutes of the meeting defendant Maynard Kline moved to accept Bill 8–85. The motion was seconded by L.L. Copeland.[1] Alderman Charles O'Laughlin abstained. He is the owner of property abutting some of the vacated city property and under the ordinance and by operation of law benefitted. Defendant Kline and L.L. Copeland voted

in favor of the motion and Alderman Paul Tracy voted against. The mayor of the City of Shelbina signed Bill No. 8–85 and it became Ordinance No. 808.

Defendant contends the appeal is unauthorized because the dismissal was based on the information, defendant's motions and the supporting documents attached and incorporated within the motion. The facts are not in dispute. In defendant's view, the dismissal was a judgment on the merits from which there is no appeal. *Hannah v. Seier,* 654 S.W.2d 894 (Mo. banc 1983). We find that the trial court sustained defendant's motion to dismiss on the ground that the information failed to state a plain, concise and definite statement of facts constituting a criminal offense and did not rely on the supporting documents. On this ground it was not necessary to refer to any matters outside the pleading and the dismissal was not a judgment on the merits from which an appeal under § 547.210 RSMo 1978 does not lie. We distinguish a dismissal for failure to state a charge from a case where the prosecution is not authorized on some legal ground such as a bar based on the statute of limitations or, as in *Hannah,* the holding in *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). We have jurisdiction.

The information alleged that:

[T]he defendant, in violation of § 79.360, RSMo, committed the misdemeanor of knowingly voting in favor of a claim or demand not authorized by law, punishable upon conviction under § 79.360, RSMo, in that on or about June 11, 1985, in the County of Shelby, State of Missouri, the defendant, being an alderman for the City of Shelbina, Missouri, knowingly voted in favor of a demand against the City to-wit, Bill Number 8–85, and, passed Shelbina City Ordinance Number 808, which said demand was not autho-

---

**1.** Alderman Copeland is a defendant in a companion case where the facts and issues are identical.

rized by law in that said demand, Bill and Ordinance gifted to Charles O'Laughlin, an alderman for the City of Shelbina, Missouri, certain real estate in violation of § 106.300, RSMo.

Section 79.360 RSMo 1978 requires that "[a]ny member of the board of aldermen ... [who] knowingly or willfully or corruptly vote ... in favor of ... any claim or demand against the city, which claim or demand shall be on account of or under color of a contract or agreement not authorized by law and the ordinances of the city, shall be deemed guilty of a misdemeanor."

Section 106.300 RSMo 1978[2] states. "If any city officer shall be directly or indirectly interested in any contract under the city, or in any work done by the city, or in furnishing supplies for the city, or any of its institutions, he shall be deemed guilty of a misdemeanor."

■ The standard of review to determine whether the trial court erred in sustaining the motion to dismiss requires that the information: (1) properly advise the defendant of the nature and cause of the accusation against him; (2) consist of a plain, concise and definite written statement of the essential facts constituting the offense charged; (3) state facts which constitute the offense charged with reasonable certainty; and (4) make the averments so clear and distinct that there could be no difficulty in determining what evidence would be admissible under them. *State v. McCloud,* 313 S.W.2d 177, 181 (Mo.App.1958). This appeal relates to the second standard. The issue is whether the information pleads a criminal offense.

The information charges defendant as an alderman of the City of Shelbina, Missouri, knowingly voted in favor of a demand against the city [§ 79.360] and that the demand was not authorized by law because it gifted to Charles O'Laughlin, also an alderman of the city, certain real estate [§ 106.300]. We affirm because a vote in favor of Bill No. 8–85 was not a vote on favor of a *demand* against the city, not a gift, and not on account of or under color of an agreement not authorized by law. As a result the information fails to charge an offense under § 79.360 RSMo 1978.

■ Section 79.360 RSMo 1978 requires that someone have a demand or right to make a demand of the city. The pleadings do not state who is given the right of demand or how they gained this right. A demand is usually synonymous with a claim or a cause of action, which claim or cause of action can be maintained in court. *See Commercial Bank v. James,* 658 S.W.2d 17, 22 (Mo. banc 1983). No citizen, including Alderman O'Laughlin, who abstained but ultimately benefitted from the ordinance, had an enforceable legal demand on the city to vacate a street or alleyway. The assertion that anyone has such a claim, demand or right to an ordinance is an unknown concept in our law. It makes no difference that Alderman O'Laughlin or any other abutting property owner may have personal reasons to want such an ordinance. The absence of standing to demand is fatal to the information under § 79.360 RSMo 1978. That section is intended to protect publicly owned assets from being used or lost in the payment of claims or demands not authorized by law. It is not intended to prevent aldermen of the City of Shelbina from disposing of excess or unnecessary property nor does it require that they continue to expend public funds to maintain the excess property because an alderman may benefit. This section does not make it criminal for an alderman in the scope of his duty to vote for a bill merely because some official of the city may, by operation of law, personally benefit. It is to protect the citizens against contracts or agreements not authorized by

---

**2.** Section 106.300 has since been repealed effective September 28, 1985. The basis of this charge, however, took place prior to appeal.

law. Alderman O'Laughlin had no contract, agreement or demand against the city. Legislation is not a proper subject matter for contracts or agreements between citizens and legislative bodies. The passage of Bill No. 8–85 into Ordinance No. 808 was authorized by law under § 88.673 RSMo 1978.

■ The ordinance did not "gift" property to Alderman Charles O'Laughlin. Rather, it was by the exercise of an authorized legislative function under § 88.673 RSMo 1978, to dispose of an unneeded street and alleyway. If any "gift" was made it was by operation of law, § 88.673 RSMo 1978, not by the passage of the ordinance. The ordinance does not mention a gift of anything to anyone. It merely and only vacates the street and alleyway.

■ Nor was the vote in favor of the bill by defendant on account of or under any agreement not authorized by law. The bill itself was neither an agreement nor a contract. The state recognizes the ordinance is not the product of a contract. Instead, it tries to characterize the ordinance as an agreement, since an agreement "is a broader ... term than 'contract' [and is] not required to meet the latter's formalistic and legal requirements." State, however, contends that the ordinance is an agreement unauthorized by law because it violates § 106.300 RSMo 1978. That section provides that an officer is in violation of this section if he has a direct or indirect interest in any contract with the city, or work done by the city, or in furnishing supplies for the city. The State argues that the work of the board of aldermen in proposing and voting for a bill is "work" of the city; that defendant is subject to prosecution under § 79.360 RSMo 1978 because the vote in favor of Bill No. 8–85 was the performance of work done by the city from which Alderman O'Laughlin benefitted; and, that O'Laughlin's interest made the legislative work unlawful under § 79.360 RSMo 1978. The defect in this argument is that defendant had no direct or indirect interest in the ordinance and the information does not allege otherwise.

■ Even if the defendant concedes that passing city ordinances is work done by the city it is work within the scope of an alderman's duty. We find § 106.300 RSMo 1978 is meant to apply to work done outside the scope of an alderman's normal duties in which he imposes a legal obligation on the city from which he gains a benefit. For example, if the alderman has a private contract to provide goods or services for the city in which he may gain a benefit, the alderman, acting beyond his duties in the position of alderman, would violate the statute. *See State v. Kelly*, 103 Mo.App. 711, 77 S.W. 996 (1903). In such case, all aldermen possessed of knowledge of the personal interest of another alderman are prohibited from approving payment of the contract because it would be an unlawful contract. The emphasis here is on an agreement or contract which may become a demand on the resources of the city as a private matter. Enactment of ordinances is by its nature public not private and is the business of the board of aldermen. The aldermen approved and the mayor signed the ordinance. Such conduct was not condemned by § 79.360 RSMo 1978. It was in furtherance of city business and relieved the city of excess property and unnecessary expense. It protected rather than unlawfully depleted the property of the city. The purpose of the ordinance was public benefit not an unlawful private gain adverse to the best interest of the city.

We find, as a matter of law, the provisions of § 79.360 are inapplicable to the public vote of an alderman in favor of a bill to vacate streets or alleys; that such conduct was within the scope and course of defendant's duty as an alderman of the city and that the information, as a matter of law, fails to state facts constituting a criminal offense.

We affirm.

DOWD, P.J., and CRANDALL, J., concur.