STATE of Missouri, Plaintiff-Appellant,

v.

L.L. COPELAND,
Defendant-Respondent.

No. 50995.

Missouri Court of Appeals,
Eastern District,
Northern Division.

June 24, 1986.

Steven Eugene Raymond, Shelbyville, for plaintiff-appellant.

John Boyd Morthland, Hannibal, for defendant-respondent.

KAROHL, Judge.

State of Missouri appeals under § 547.-210 RSMo 1978 the judgment of the Circuit Court of Shelby County, Missouri, dismissing State's charges against defendant, L.L. Copeland, because the information failed to plead a crime in violation of § 79.360 RSMo 1978.

The facts and issues in this case are governed by *State v. Maynard Kline*, 717 S.W.2d 849 (Mo.App.E.D.1986) decided together with this appeal. On the authority of that case, the judgment of the circuit court dismissing the State's charges is affirmed.

DOWD, P.J., and CRANDALL, J., concur.

STATE of Missouri, Plaintiff-Appellant,

v.

Charles O'LAUGHLIN,
Defendant-Respondent.

No. 50998.

Missouri Court of Appeals,
Eastern District,
Northern Division.

June 24, 1986.

Steven Eugene Raymond, Shelbyville, for plaintiff-appellant.

John Boyd Morthland, Hannibal, for defendant-respondent.

KAROHL, Judge.

State of Missouri appeals under § 547.-210 RSMo 1978 the judgment of the Circuit Court of Shelby County, Missouri, dismissing State's charges against defendant Charles O'Laughlin because the information failed to plead a crime in violation of § 106.300 RSMo 1978. This section was repealed effective September 28, 1985. The factual basis of this charge, however, took place prior to repeal.

The facts relative to this case may be found in our opinion in *State v. Kline*, 717 S.W.2d 849 (Mo.App.E.D.1986) decided together with this appeal.

It is unnecessary for us to reach the merits of the State's appeal because at oral argument appellant, with commendable candor, acknowledged that the information fails to allege a criminal act by defendant. It fails to allege any act, knowing or unknowing, by the defendant. Accordingly, the dismissal of the information was not error as a matter of fact or law. The judgment is affirmed. Rule 30.25(b).

DOWD, P.J., and CRANDALL, J., concur.