STATE of Missouri, Plaintiff–Appellant,

v.

Edward L. HARRISON, Defendant–Respondent.

No. 58244.

Missouri Court of Appeals, Eastern District. Division One.

Jan. 15, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 20, 1991.

Application to Transfer Denied April 9, 1991.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for plaintiff-appellant.

W. Michael Hamilton, Asst. Public Defender, Fulton, for defendant-respondent.

KAROHL, Judge.

State appeals from trial court's order granting defendant's motion to dismiss "or in the alternative for a ruling as to contract interpretation." Defendant was charged with willful failure to return leased property in violation of § 578.150 RSMo 1986, a class C felony "to wit: on September 23, 1987, defendant entered into a written lease agreement with Best TV Rentals ... for a Magnavox television of a value in excess of one hundred and fifty dollars, and on or about October 24, 1989 ... failed to return said property." Defendant's motion asserted his agreement was not a rental agreement and § 578.150 applies only to a rental agreement. The court in its order found:

> [T]he "Rental Agreement" which is the basis for the charge against the defendant for failing to return rental property is in fact a retail time contract. Section 408.250(14) RSMo. includes in the definition of retail time contract, lease agreements wherein the lessee becomes the owner of the property for no further consideration upon compliance with the contract provisions.

On appeal the state contends the court erred in dismissing the charge because: (1) § 578.150 applies to any agreement in writing which provides for leasing and renting of property; (2) the order excludes cases that are within the provisions of § 578.150; and (3) if reference to trade and commerce statutes apply to interpretation of § 578.150, the agreement signed by defendant is a rental-purchase agreement pursuant to § 407.661(6)(e) RSMo Cum.Supp.1989 not a retail time contract.

Appellant State addresses the merits of the decision of the trial court to dismiss for failure to state a charge. It assumes the September 23, 1987, agreement was properly before the court *as if incorporated* in the information. Defendant does not contend the decision was a judgment of not guilty. We have jurisdiction to consider the state's appeal. *State v. Kline*, 717 S.W.2d 849, 851 (Mo.App.1986). We affirm the decision of the trial court that the information fails to state a criminal charge.

Section 578.150 RSMo 1986 provides in pertinent part:

> 1. A person commits the crime of failing to return *leased or rented property* if, with the intent to deprive the owner thereof, he willfully fails to return leased or rented personal property *to the place and within the time specified in an agreement in writing* providing for the leasing or renting of such personal property.

\*　　\*　　\*　　\*　　\*　　\*

4. Proper notice by the lessor shall consist of a written demand addressed and mailed by certified or registered mail to the lessee at the address given at the time of making the lease or rental agreement. The notice shall contain a statement that the failure to return the property may subject the lessee to criminal prosecution.

5. Venue shall lie in the county where the personal property was *originally* rented or leased.

6. Failure to return leased or rented property is a class A misdemeanor unless the property involved has a value of one hundred fifty dollars or more, in which case failing to return leased or rented property is a class C felony. (Our emphasis).

On September 23, 1987, defendant entered into a contract with Best TV Rentals. Defendant agreed to pay Best TV $10 per week for a 26–inch Magnavox television. The contract provided that if defendant elected to renew the "rental agreement" for 130 successive one-week terms, Best TV would "transfer the property" to defendant. The contract was terminable by defendant at his option by returning the television to Best TV. The contract was terminable by Best TV upon the failure of defendant to make his weekly payment. If terminated by owner, "Renter shall immediately return the property to the owner...." The address of Best TV appears in the agreement but the place for return "to the owner" is not specified in the agreement. However, upon failure to make payment, defendant had the option of either immediately returning the property to Best TV or of retaining possession and paying the weekly rental rate plus $2 per day late charges. In bold, capital letters the contract stated, "THIS IS A RENTAL AGREEMENT ONLY." The contract also stated in bold letters that it was a week to week rental only. The information charges a September 23, 1987, agreement and a failure to return under the agreement on October 24, 1989. The period between contract and return was 107 weeks.

■ The only question on appeal is whether the contract executed by Best TV and defendant is a "lease or rental" agreement within the purview of § 578.150 RSMo 1986. If it is, the information charges a crime. If not, then no crime has been charged. Dismissal for failure to state a criminal charge is appealable. *State v. Kline,* 717 S.W.2d 849, 851 (Mo. App.1986). If the information states a charge and the ruling of the trial court is supported by a legal interpretation of the agreement apart from the charge then there has been a judgment of not guilty and the state could not appeal. *Id.* We conclude the state is entitled to appeal. We have jurisdiction because the substance of the dismissal is a legal conclusion no crime could be alleged under § 578.150 RSMo 1986 if the alleged agreement included provisions of "sale" in addition to terms of rental.

■ The parties agree the contract is not a pure lease or rental contract. It contains rental provisions and a promise to transfer title after all weekly payments are made. Defendant argues the contract is a rental-purchase agreement as defined in § 408.250(14) while the state argues the contract is a rental-purchase agreement as defined in § 407.661(6)(e). It is not necessary for us to decide whether the provisions of either statute are instructive in interpreting the scope of § 578.150. The contract contains an element of sale notwithstanding the fact the contract purports to be a rental agreement only. The amount and number of weekly payments must include compensation for the owner's cost and payment for use over the rental period because the transfer of title at the end of the agreed period occurs without additional consideration. Hence, the agreement is not for a "rental" as that term is used in § 578.150. This becomes critical because the "value" of the rented property is involved in defining the crime.

Section 578.150.6 RSMo 1986 creates a felony for failure to return leased or rented property having a value of over $150. Does this section refer to "value" when leased or when not returned? Does it refer

to the amount of remaining, unpaid payments to which owner is entitled before transfer of title to lessee-purchaser? By including sale provisions the meaning of "value" is unclear as to time. It is also unclear whether the value is to a willing buyer, owner or lessee. If the "value" is less than $150 the crime of failure to return is a class A misdemeanor. Clearly, when "sale" provisions are included in a rental agreement the statute is neither clear nor unambiguous.

By definition leased or rented property ultimately must be returned to the owner at the expiration of the rent or lease agreement. In contrast, a lessee-purchaser under the Best TV agreement may never be required to return to the lessor-owner property which is subject to a lease-purchase agreement. By adding terms of sale to the agreement Best TV and defendant entered into a contract not clearly within the criminal protection of § 578.150 RSMo 1986.

We give effect to the legislature's intent by looking to the clear language of the statute. *State v. Sweeney,* 701 S.W.2d 420, 423 (Mo. banc 1985). Before applying this principle, we note the contract here contains terms of sale, an element which is absent from the statute. The intent of the legislature in enacting § 578.150 is to protect owners from renters who fail to return rented property. There is no language to grant criminal protection to owners who agree to sell at the same time they agree to rent and thereby implicate the law of sales which includes many defenses which are or may be irrelevant in a simple rental. Criminal statutes must be strictly construed against the state. *State v. Hobokin,* 768 S.W.2d 76, 77 (Mo. banc 1989). Section 578.150 RSMo 1986 does not clearly express a prohibition with criminal penalty for failure to return personal property which is the subject of a rental agreement which is also a sale agreement.

We affirm.

PUDLOWSKI, P.J., concurs.

GRIMM, J., dissents.

* All references are to § 408.250 RSMo Cum.Supp. 1989.

GRIMM, Judge, dissenting.

I respectfully dissent. The trial court erroneously found the underlying document "is in fact a retail time contract" as defined in § 408.250(14),* and therefore erred in sustaining defendant's motion to dismiss.

### I.

The underlying document, identified as a "Rental Agreement Only," is not a "retail time contract." A "retail time contract" is an agreement in which a buyer engages to pay the "time sale price" of goods. § 408.250(14). "Time sale price" is the "total of the cash sale price of the goods...." § 408.250(18). Here, defendant did not agree to pay the cash sale price of the television set. All he obligated himself to do was to pay $10.00 for each week he kept the set, whether one week or 129 weeks.

The term "retail time contract" does include "a contract for the bailment or leasing of goods" where the "lessee contracts to pay ... a sum substantially equivalent to or in excess of [the] cash sale price" and the lessee has the opportunity to become owner of the goods when all payments are made. § 408.250(14). However, for a lease to be a "retail time contract," the lessee must *contract to pay the cash sale price or more.* Here, defendant had no such obligation and the trial court erred in finding the underlying document is a "retail time contract."

Rather than a "retail time contract," the underlying document is more nearly a "rental-purchase agreement." A "rental-purchase agreement," as defined in § 407.661(6), is

an agreement between a merchant and a consumer for the use of merchandise by the consumer for personal, family, or household purposes, for an initial period of four months or less [2] that is automatically renewable with each payment after the initial period, and [3] that permits the consumer to become the owner of the merchandise.

The underlying document does not fully comply with § 407.662. This is understandable because the document is dated September 23, 1987, while the statute became effective August 13, 1988. However, the agreement: (1) provides for the use of a television set for an initial period of less than four months, namely one week, (2) automatically renews with each payment, and (3) permits the defendant to become the television set's owner.

## II.

The majority opinion determines that "[b]y adding terms of sale to the agreement Best TV and defendant entered into a contract not within the criminal protection of § 578.150 RSMo 1986." Page 244. I disagree.

"The legislature is presumed to have intended what the statute says and if the language is clear and unambiguous there is no room for construction." *State v. Evers,* 777 S.W.2d 344, 345 (Mo.App.W.D.1989). Here, there is no room for construction.

Section 578.150, RSMo 1986, states a person commits the crime of failing to return leased or *rented* property if, with the intent to deprive the owner thereof, he willfully fails to return leased or *rented* personal property to the place and within the time specified in an agreement in writing providing for the leasing or *renting* of such personal property. (emphasis added).

The agreement between Best TV Rentals and defendant is a rental agreement of a television set. The fact that defendant could some day become the television set's owner does not change the agreement from being a rental agreement.

The judgment of the trial court should be reversed, and the cause remanded for further proceedings.