

# Missouri Court of Appeals
## Southern District

### In Division

STATE OF MISSOURI,                          )
                                            )
    Plaintiff-Appellant,            )
                                            )
v.                                          )    No. SD37795
                                            )
WARREN DALE BRANNING,                       )    **Filed:  May 28, 2024**
                                            )
    Defendant-Respondent.           )

### APPEAL FROM THE CIRCUIT COURT OF DALLAS COUNTY

Honorable Michael O. Hendrickson

**<u>AFFIRMED</u>**

This appeal challenges the dismissal, with prejudice, of a criminal Information ("the Information"[1]) filed by the State of Missouri ("the State").  In conformity with the requirements of Rule 24.04(b), counsel for Warren Dale Branning ("Defendant") filed a motion to dismiss the Information ("the Motion").[2]  After conducting a hearing and receiving written suggestions in support and opposition to the Motion, the circuit court entered a November 3, 2022 "Judgment Sustaining in Part Defendant's Motion to

---

[1] The Information was filed in Webster County, but the case was subsequently transferred to Dallas County.

[2] All rule references are to Missouri Court Rules (2022).

1

Dismiss[.]"[3]

Count 1 of the Information charged Defendant with committing the offense of making a terrorist threat under section 574.115.[4]  Count 2 charged Defendant with felony resisting arrest under section 575.150, and Count 3 charged Defendant with harassment in the first degree under section 565.090.  The Motion argued that the charges should be dismissed because Defendant's alleged conduct was constitutionally protected and the Information "does not and cannot charge an offense."  The circuit court agreed with both arguments and dismissed all three felony counts, granting the State leave to refile the resisting-arrest charge as a misdemeanor.

The State brings three points on appeal.  Points 1 and 2 claim the circuit court erred in dismissing Count 1 because the facts alleged in the Information were sufficient, and the charged conduct was not constitutionally protected by the First or Second Amendment as contended by Defendant.[5]  Point 3 claims the circuit court erred in dismissing Count 3 because the facts alleged in the Information were sufficient and the charged conduct was not constitutionally protected by the Second Amendment.  Concluding that the facts alleged in the Information, if true, do not constitute a violation of law under the charged statutes, we affirm the judgment of the circuit court and do not

---

[3] The circuit court entered an amended judgment on November 16, 2022 that changed the dismissal from "with prejudice" to "without prejudice."  But that amended judgment was a nullity as the State had already filed its notice of appeal on the previous day.  Once the notice of appeal was filed, the circuit court "at that moment was divested of jurisdiction because [jurisdiction] had lodged in the appellate court."  *State v. Johnson*, 861 S.W.2d 807, 809 (Mo. App. E.D. 1993) (quoting *Barney v. Suggs*, 688 S.W.2d 356, 358 (Mo. banc 1985)).

[4] Unless otherwise indicated, all statutory references are to RSMo 2016, effective January 1, 2017.

[5] Point 2 also seeks the reinstatement of the felony resisting arrest charge if we reverse the circuit court's dismissal of counts 1 and 3.

reach Defendant's constitutional claims.[6]

## Standard of Review

"Whether a charging document is sufficient to state an offense is a question of law, which we review *de novo*." **State v. Hendricks**, 619 S.W.3d 171, 183 (Mo. App. W.D. 2021). For ease of analysis, we will address the State's points out of order.

## Analysis

The Sixth Amendment to the United States Constitution and article I, section 18(a) of the Missouri Constitution both ensure a defendant's right to be "informed of the nature and cause of the accusation . . . ." Accordingly, Rule 23.01 requires that the charging document "[s]tate plainly, concisely, and definitely the essential facts constituting the elements of the offense charged . . . ." Rule 23.01(b)(2).

> Measured by these standards, the test of the sufficiency of an indictment is whether it contains all the essential elements of the offense as set out in the statute *and* clearly apprises defendant of the facts constituting the offense in order to enable him to meet the charge and to bar further prosecution.

**State v. Metzinger**, 456 S.W.3d 84, 91 (Mo. App. E.D. 2015) (quoting **State v. Reese**, 687 S.W.2d 635, 636 (Mo. App. S.D. 1985)) (emphasis added).

In light of those parameters, a criminal information "is properly dismissed if all the facts stated are true, and yet the accused can be innocent of the crime intended to be charged, or if the acts alleged in the indictment if proven do not constitute a violation of the law." **Metzinger**, 456 S.W.3d at 93 (citing 42 C.J.S. *Indictments* § 160[7]); *see also*

---

[6] The Motion claimed that the charged conduct was constitutionally protected under article I, sections 8, 10, and 23 of the Missouri Constitution, and the First, Second, Fifth, and Fourteenth Amendments to the United States Constitution. We also find no need to rule on Defendant's motion to "Strike the Probable Cause Statement from the Legal File and References from Appellant's Brief" because even if the alleged facts set forth in that Statement are accepted as true, they do not remedy the deficiency in the Information.

[7] **Metzinger** does not cite a year for 42 C.J.S. *Indictments* § 160, and we have been unable to verify the quote **Metzinger** attributes to that source.

*State v. Harrison*, 805 S.W.2d 241, 243-44 (Mo. App. E.D. 1991) (information properly dismissed when the circuit court found that the facts alleged did not amount to a crime under a statute that criminalized failure to return property under a rental agreement that also provided a right to buy the property); *State v. Rousseau*, 34 S.W.3d 254, 259 (Mo. App. W.D. 2000) ("[t]he dispute is whether or not these acts, if committed, constituted a violation of [the statute] as interpreted by the trial court in dismissing the indictment").

*Count 1 – Terrorist Threat*

The applicable portion of section 574.115 states: "A person commits the offense of making a terrorist threat in the first degree if such person, with the purpose of frightening ten or more people . . . knowingly: (1) Communicates an express or implied threat to cause an incident or condition involving danger to life . . . ."

Count 1 of the Information states:

> The Prosecuting Attorney of the County of Webster, State of Missouri, charges that [Defendant], in violation of in violation of [sic] Section 574.115, RSMo, committed the class D felony of making a terroristic threat, first degree, punishable upon conviction under Sections 558.011 and 558.002, RSMo, in that on or about August 18, 2021, in the County of Webster, State of Missouri, [Defendant], with the purpose of frightening ten or more people, communicated by implication a threat to cause an incident or condition involving danger of life, in that [D]efendant, during daytime store operating hours of the Wal-Mart in Marshfield, located at 14740 State Highway 38, excited [sic] his vehicle and placed several long guns on the ground, near and around other patrons and vehicles, placing himself on the ground with the long guns within his reach and within view of other patrons and customers of Wal-Mart.

We agree with the circuit court that the facts alleged in the Information do not sufficiently charge the offense of making a terrorist threat in the first degree under section 574.115.

4

Defendant correctly asserts that, while perhaps unusual, placing several long guns on the ground within his reach in view of the public is insufficient to constitute an implied terrorist threat under section 574.115. The analysis set forth in *Metzinger* does not permit us to accept the State's claim that the natural inference of Defendant's alleged conduct is that he did so with the purpose of frightening ten or more people with an incident or condition involving danger to life.

Instead, as in *Metzinger*, Count 1 of the Information was "properly dismissed if all the [asserted] facts stated are true, and yet the accused can be innocent of the crime intended to be charged, or if the acts alleged in the [Information] if proven do not constitute a violation of the law." 456 S.W.3d at 93 (citing 42 C.J.S. *Indictments* § 160). The principle of law, combined with the State's chosen charging language, requires us to affirm the circuit court's dismissal of Count 1. While the charged conduct of Defendant "excit[ing] [sic] his vehicle and plac[ing] several long guns on the ground, near and around other patrons and vehicles, placing himself on the ground with the long guns within his reach and within view of other patrons and customers of Wal-Mart[,]" if true, *could* support a claim that Defendant was making a terrorist threat, it also *could* constitute legitimate actions that would not constitute a terrorist threat. For example, if Defendant had purchased the long guns in the store, then laid them out by his vehicle, sitting down to inspect them, to place them in cases, or simply to admire his new purchases, such conduct would not constitute a terrorist threat.

5

Because the charging language in the Information, if true, could encompass innocent conduct, *Metzinger* requires us to affirm the circuit court's dismissal of Count 1. Point 1 is denied.[8]

*Count 3 – First-Degree Harassment*

Count 3 charged Defendant with first-degree harassment under section 565.090, the relevant portion of which states: "A person commits the offense of harassment in the first degree if he or she, without good cause, engages in any act with the purpose to cause emotional distress to another person, and such act does cause such person to suffer emotional distress." Count 3 of the Information states:

> The Prosecuting Attorney of the County of Webster, State of Missouri, charges that [Defendant], in violation of in violation of [sic] Section 565.090, RSMo, committed the class E felony of harassment, first degree, punishable upon conviction under Sections 558.011 and 558.002, RSMo, in that on or about August 18, 2021, in the County of Webster, State of Missouri, [Defendant], without good cause, engaged in an act with the purpose to cause emotional distress to another person, in that [D]efendant, after having parked in the Wal-Mart parking lot, located at 14740 Highway 38, placed several long guns on the ground and positioned himself within reach of such long guns, and that he was aware there were other patrons and customers parking at Wal-Mart and that he would be seen, and he was seen by [the alleged victim ("Alleged Victim")], and [D]efendant did cause [Alleged Victim] to suffer emotional distress.

"Intent is rarely susceptible to direct proof and is usually inferred through circumstantial evidence." **State v. Smith**, 668 S.W.3d 605, 608-09 (Mo. App. S.D. 2023). Nevertheless, the alleged facts of Count 3 are insufficient to support a reasonable inference that Defendant had the purpose to cause emotional distress to Alleged Victim. The State does not allege that Defendant was even aware of Alleged Victim's presence. Point 3 is denied.

---

[8] Because our analysis resolves the State's first point in Defendant's favor, we need not reach Defendant's constitutional claims.

*Count 2 – Felony-Level Resisting Arrest*

Count 2 charged Defendant with felony-level resisting arrest. Because Count 2 was dependent upon the Information having sufficiently alleged facts that would constitute felonious behavior, we conclude that the circuit court did not err in dismissing Count 2, with leave to amend the charge to assert a misdemeanor-level offense of resisting arrest.

Point 2 is also denied, and the circuit court's Judgment Sustaining in Part Defendant's Motion to Dismiss is affirmed.

DON E. BURRELL, J. – OPINION AUTHOR

JACK A. L. GOODMAN, C.J. – CONCURS

JENNIFER R. GROWCOCK, J. – CONCURS