STATE of Missouri, Respondent,

v.

David L. DOWNING, Appellant.

No. WD 73103.

Missouri Court of Appeals,
Western District.

Oct. 25, 2011.

John H. Edmiston, Warrensburg, MO, for appellant.

Shaun J. Mackelprang and Richard A. Starnes, Jefferson City, MO, for respondent.

Before Division Two: MARK D. PFEIFFER, Presiding Judge, VICTOR C. HOWARD, Judge and CYNTHIA L. MARTIN, Judge.

CYNTHIA L. MARTIN, Judge.

David Downing ("Downing") appeals from the trial court's judgment convicting and sentencing him on a charge of driving while intoxicated as a prior and persistent offender. Downing claims that the trial court erred in denying his motion to strike his persistent offender status because pursuant to section 577.023 [1], his 2004 offense for driving while intoxicated could not be used for enhancement purposes as he was ordered to pay a fine in addition to receiving a suspended execution of sentence and being placed on probation. We affirm.

---

1. All statutory references are to RSMo Cum. Supp.2008, the statute in effect at the time of Downing's 2008 offense, unless otherwise indicated.

## Factual and Procedural History

The material facts are not in dispute. In 1999, Downing pled guilty to the offense of driving while intoxicated ("the 1999 offense") for which he received a suspended imposition of sentence. In 2004, Downing was again convicted of driving while intoxicated ("the 2004 offense") for which Downing was sentenced to ninety days in jail with the execution of sentence suspended subject to Downing satisfactorily completing two years of probation and paying a fine of $500.

On November 2, 2008, Downing was arrested and charged with the class D felony of driving while intoxicated as a prior and persistent offender. At the bench trial, the State offered into evidence certified records from both the 1999 offense and the 2004 offense. Downing objected to the certified records for the 2004 offense on the basis that the version of section 577.023 in effect at the time of his offense did not permit admission of evidence of the 2004 offense for enhancement purposes. The trial court overruled Downing's objection. The trial court found Downing guilty of driving while intoxicated as a prior and persistent offender.

Prior to sentencing, Downing filed a motion to strike his persistent offender status. The trial court denied Downing's motion, sentenced Downing to incarceration for a period of four years, suspended the execution of the sentence, and placed Downing on probation for a period of five years. Downing appeals.

## Standard of Review

■ Downing's claim requires us to interpret the version of section 577.023 in effect at the time of his 2008 offense to determine under what circumstances evidence of prior convictions can be used for enhancement purposes. " 'Statutory interpretation is a question of law, and questions of law are reviewed de novo.' " *State v. Pesce,* 325 S.W.3d 565, 575 (Mo.App. W.D.2010) (quoting *State v. Simmons,* 270 S.W.3d 523, 531 (Mo.App. W.D.2008)).

## Analysis

In Downing's sole point on appeal, Downing contends that the version of section 577.023 in effect in 2008 did not permit his 2004 offense for driving while intoxicated to be used for enhancement purposes because he was ordered to pay a fine in addition to receiving a suspended execution of sentence and being placed on probation. We disagree.

The version of section 577.023 in effect at the time of Downing's 2008 offense provides that "[a]n 'intoxication-related traffic offense' is driving while intoxicated . . . ." Section 577.023.1(3). "A 'persistent offender' is one of the following: (a) A person who has pleaded guilty to or has been found guilty of two or more intoxication-related traffic offenses." Section 577.023.1(4). "A 'prior offender' is a person who has pleaded guilty to or has been found guilty of one intoxication-related traffic offense, where such prior offense occurred within five years of the occurrence of the intoxication-related traffic offense for which the person is charged." Section 577.023.1(5). "Any person who pleads guilty to or is found guilty of a violation of section 577.010 or 577.012 who is alleged and proved to be a persistent offender shall be guilty of a class D felony." Section 577.023.3.

Downing does not contest that his 1999 offense and his 2004 offense were "intoxication-related traffic offenses" as defined in section 577.023.1(3). As such, the plain language of section 577.023.1(4), which defines "persistent offender" as a person who has pled or been found guilty of two or

more intoxication-related traffic offenses, applies to Downing's 2008 offense.

Notwithstanding the clear and unambiguous statutory definitions of "intoxication-related traffic offense" and "persistent offender" set forth in sections 577.023.1(3) and (4), Downing argues that evidence of the 2004 offense should not have been used to render him a persistent offender. Downing relies on section 577.023.16, which provides:

> Evidence of prior convictions shall be heard and determined by the trial court out of the hearing of the jury prior to the submission of the case to the jury.... After hearing the evidence, the court shall enter its findings thereon. A conviction of a violation of a municipal or county ordinance in a county or municipal court for driving while intoxicated or a conviction or a plea of guilty or a finding of guilty *followed by a suspended imposition of sentence, suspended execution of sentence, probation or parole or any combination thereof* in a state court shall be treated as a prior conviction.

(Emphasis added.) This provision thus describes when the disposition of an intoxication-related traffic offense qualifies as a "prior conviction" for purposes of admitting evidence of the conviction to determine "persistent offender" or "prior offender" status.

It is undisputed that the 2004 offense for driving while intoxicated was disposed of by a suspended execution of sentence and probation. According to the plain language of section 577.023.16, either disposition, independently, or in combination, qualified the 2004 offense as a "prior conviction" under section 577.023.16. However, Downing argues that because he was also ordered to pay a fine of $500.00 to dispose of the 2004 offense, and because the payment of a fine is not listed as a means of disposition in section 577.023.16, the 2004 offense does not qualify as a "prior conviction," and admission of evidence of the 2004 offense was error as a matter of law. Downing contends that the phrase "or any combination thereof" in section 577.023.16 following reference to "suspended imposition of sentence, suspended execution of sentence, probation or parole," is limiting language, and that a conviction which combines an unlisted form of punishment or disposition (such as a fine) with one or more listed forms of punishment or disposition disqualifies the conviction from admissibility as a "prior conviction" under section 577.023.16. We disagree.

The primary rule of statutory construction is to ascertain the intent of the lawmakers by construing words used in the statute in their plain and ordinary meaning. Where the language is clear and unambiguous, there is no room for construction. It is presumed that the legislature intended that every word, clause, sentence, and provision of a statute have effect. Conversely, it will be presumed that the legislature did not insert idle verbiage or superfluous language in a statute.

*Hyde Park Hous. P'ship v. Dir. of Revenue*, 850 S.W.2d 82, 84 (Mo. banc 1993) (internal citations omitted). We may not create an ambiguity where the words of a statute are plain. *Orla Holman Cemetery, Inc. v. Robert W. Plaster Trust*, 304 S.W.3d 112, 117 (Mo. banc 2010). Statutory construction should be reasonable and logical. *St. John's Mercy Health System v. Missouri Health Facilities Review*, 2011 WL 3107774, at *2–3 (Mo.App.E.D.2011).

■ Here, the plain language of section 577.023.16 supports the conclusion that the 2004 offense was properly treated as a prior conviction for enhancement purposes

because it was disposed of by a suspended execution of sentence and probation. Section 577.023.16 envisions that a combination of listed dispositions will qualify a conviction as a "prior conviction" for enhancement purposes. We cannot conclude, however, that the phrase "or any combination thereof" can be reasonably construed to suggest that if an unlisted means of punishment (for example a fine, treatment, or community service) is imposed in combination with one or more listed means of punishment, the conviction no longer qualifies as a "prior conviction" for enhancement purposes. It strains logic to suggest that the legislature meant to exclude consideration of convictions that impose the rather serious consequences of suspended imposition, suspended execution, probation or parole, if one or more of these consequences are combined with the relatively pedestrian consequence of a fine, treatment, or community service. Indicative of this conclusion is the legislature history of the version of section 577.023.16 enacted in 2008 (HB 1715), where, in Section B of the emergency clause accelerating its effective date, the legislature provided:

> Because of the need to protect public safety and ensure that *persons guilty of multiple intoxication-related traffic offenses* receive an appropriate sentence, the repeal and reenactment of section 577.023 is deemed necessary for the immediate preservation of the public health, welfare, peace and safety, and is hereby declared to be an emergency act within the meaning of the constitution, and the repeal and reenactment of section 577.023 of this act shall be in full force and effect upon its passage and approval.

The legislature's express focus on the immediate need to protect the public from repeat intoxication-related traffic offenders mitigates against Downing's argued construction of section 577.023.16 which would treat a conviction as a prior conviction if disposed of by suspended imposition, suspended execution, probation, or parole, but not if a fine were added as an additional means of punishment. We reject Downing's strained construction of section 577.023.16, and note Downing has cited no authority to persuade us to the contrary.

Downing argues that the version of section 577.023.16 in effect in 2008 must be construed as he argues because section 577.023.16 was amended in 2009 to include specific reference to the assessment of a fine in the list of eligible punishments or dispositions which independently or in combination permit characterization of a conviction as a "prior conviction" for purposes of enhancement. Downing argues that the legislature's inclusion of fines in section 577.023.16 by the 2009 amendment indicates that the legislature did not intend the 2008 version of the statute to permit intoxication-related traffic offenses disposed of in part by fines to qualify as "prior convictions." We disagree.

It is equally plausible that the legislature intended the 2009 amendment to permit the imposition of a fine standing alone to qualify an offense as a "prior conviction" for purposes of enhancement. Moreover, Downing's argument ignores that the 2008 version of section of 577.023.16 and the 2009 amendment to section 577.023.16 RSMo Cum.Supp.2009 (SB 930) were actually passed during the same legislative term and signed by the Governor on the same day. Though the 2008 amendment (HB 1715) included an emergency clause, and thus took effect earlier than the 2009 amendment, we cannot conclude that the 2009 amendment was intended to remediate the purported "flaw" in section 577.023.16 argued by Downing.

In fact, the legislative history for the 2009 amendment to section 577.023 (SB

930) reveals the amendment of section 577.023.16 was not at all motivated by a perceived need to permit a fine, if imposed with other listed means of disposition, to continue to qualify a conviction as a "prior conviction." The legislative history for the 2009 amendment to section 577.023 (SB 930) provides:

> This act attempts to rectify a recent Supreme Court ruling[2] which held that a defendant's prior guilty plea and suspended imposition of sentence in municipal court could not be used to enhance the punishment for the defendant's new intoxication-related traffic offense. This act specifies that a conviction, plea of guilty or a finding of guilty followed by incarceration, a fine, a suspended imposition of sentence, suspended execution of sentence, probation or parole or any combination thereof in any intoxication-related traffic offense in a state, county or municipal court shall be treated as a prior plea of guilty or fining of guilty for purposes of enhanced punishment under Section 577.023 (Section 577.023). A similar provision, but not identical, is contained in the truly agreed to version of HB 1715. The provision contained in HB 1715 contains an emergency clause while the provision contained in this bill does not.

Clearly, the express intent of SB 930 was to expand the reach of section 577.023.16 to include all municipal court convictions for intoxication-related traffic offenses as "prior convictions," regardless the means of disposition of the offense. The purpose of SB 930 was not, as Downing argues, to permit a fine, if imposed in combination with other listed means of disposition, to qualify a conviction as a "prior conviction" for purposes of enhancement.

█ Finally, Downing argues in summary fashion that his 1999 offense was not properly used to enhance his status to that of a "prior offender" because it occurred more than five years before the 2008 offense, and thus is beyond the definition of "prior offender" set forth in section 577.023.1(5). This argument was not included in Downing's point relied on and thus preserves nothing for appeal. Rule 84.04(e). Moreover, this argument was never raised with the trial court as a basis for objecting to admission of the certified records of the 1999 offense and thus has not been preserved for appeal. To preserve error for review on appeal it is necessary that an objection be timely made and usually at the earliest possible opportunity so that the trial court may have an opportunity to correct what is later claimed to be wrong. *State v. Simmons*, 500 S.W.2d 325, 328 (Mo.App.1973). We will not convict a trial court of error that it was never presented to it to decide. *State v. Cook*, 273 S.W.3d 562, 569 (Mo.App. E.D.2008). Third, Downing's argument ignores that the 2004 offense was within the five year period preceding the 2008 offense, and thus satisfies the definition of "prior offender." Finally, whether or not Downing should have been treated as a "prior offender" is of no consequence to Downing as he was properly treated as a "persistent offender," a classification which independently served as a basis to enhance his 2008 offense to a class D felony pursuant to section 577.023.3.

The trial court did not err. Point is denied.

## Conclusion

We affirm the trial court's judgment.

All concur.

**2.** *Turner v. State,* 245 S.W.3d 826, 829 (Mo.   banc 2008).