STATE of Missouri, Respondent,

v.

Thomas Bryan SEAY, Appellant.

No. WD 74854.

Missouri Court of Appeals, Western District.

March 26, 2013.

Chris Koster, Attorney General, Dora A. Fichter, Assistant Attorney General, Jefferson City, MO, for respondent.

Erika R. Eliason, Assistant Public Defender, Columbia, MO, for appellant.

Before Division Two: KAREN KING MITCHELL, Presiding Judge, and THOMAS H. NEWTON and LISA WHITE HARDWICK, Judges.

KAREN KING MITCHELL, Presiding Judge.

Thomas Seay appeals his convictions, following a bench trial, for two counts of failing to appear in violation of section 544.665.[1] Seay alleges that the evidence was insufficient to support his convictions insofar as he failed to appear for a probation violation hearing, which he claims was not a crime as required for conviction under section 544.665. Because section 544.665 specifically makes failure to appear for a probation violation hearing a crime, we reject Seay's argument and affirm his convictions.

## Factual Background

On March 16, 2006, Seay was charged by information with the class C felony of stealing, in violation of section 570.030, based upon acts occurring on October 13, 2005. He later pled guilty, and, after suspending execution of Seay's sentence, the court placed him on a five-year term of probation.

A probation violation hearing was set for August 3, 2009. At that hearing, Seay appeared and denied all allegations that he violated his probation. The court reset the matter for a hearing on September 8, 2009. Seay was present at the September 8, 2009 hearing when the court continued the hearing to October 5, 2009. Seay failed to appear for the October 5, 2009 hearing, and the court issued a capias warrant for his arrest and set a bond at $4,500.00.

On November 23, 2009, the court held another hearing, wherein Seay appeared without counsel but assured the court that he would retain counsel no later than December 1, 2009; in Seay's presence, the court set the next hearing for December 7, 2009. On December 7, 2009, Seay again failed to appear, and the court issued an-other capias warrant and increased Seay's bond to $25,000.00, cash only.

On September 19, 2011, Seay was indicted with two counts of felony failure to appear in violation of section 544.665, based upon his failure to appear at both the October 5 and December 7, 2009 probation violation hearings. Seay waived his right to jury trial, and the case was submitted to the court on stipulated facts. The court found Seay guilty as charged and sentenced him to concurrent three-year terms of imprisonment, but suspended execution and placed Seay on a five-year term of probation. Seay appeals.

## Standard of Review

Although Seay couches his claim in terms of insufficient evidence, his true claim is a question of statutory interpretation, as we are required to determine whether section 544.665 criminalizes the failure to appear for a probation revocation hearing in order to resolve his claim. "'Statutory interpretation is a question of law, and questions of law are reviewed de novo.'" *State v. Downing*, 359 S.W.3d 69, 70 (Mo.App. W.D.2011) (quoting *State v. Pesce*, 325 S.W.3d 565, 575 (Mo.App. W.D. 2010)).

## Analysis

Seay raises a single point on appeal, challenging both of his convictions. He argues that the evidence was insufficient to support his convictions in that a probation revocation hearing is not a criminal proceeding, and his convictions for failure to appear can be based only upon a finding that he failed to appear on a criminal matter. We disagree.

Section 544.665.1 provides, in pertinent part, that

---

1. All statutory citations are to RSMo Cum. Supp.2009, unless otherwise noted.

any person who, having been released upon a recognizance or bond pursuant to any other provisions of law while pending ... probation ... revocation, or any other stage of a criminal matter against him or her, knowingly fails to appear before any court or judicial officer as required shall be guilty of the crime of failure to appear.

The statute further fixes punishment as follows: "Failure to appear is: (1) A class D felony if the *criminal matter for which the person was released* included a felony." § 544.665.2(1). (Emphasis added.)

Seay seizes upon the references in the statute to a "criminal matter" as indicating that, before a person can be guilty of failure to appear, the matter for which the person was required to appear had to be criminal in nature. He then argues that, because a probation revocation hearing is a civil proceeding, and because probation violation, itself, is not a crime, his convictions for failure to appear were improper.

While we do not quarrel with Seay's assertion that case law indicates that probation revocation hearings are civil in nature and that probation violation is not a crime in and of itself, his interpretation of section 544.665 is outdated and contrary to the plain language of the current version of the statute.

Section 544.665 was amended in 2009, with an effective date of August 28, 2009. *State v. Fernow,* 328 S.W.3d 429, 433 (Mo. App. E.D.2010). *Before* this amendment, the statute provided that

any person who, having been released pursuant to sections 544.040 to 544.665, or upon a recognizance or bond pursuant to any other provisions of law willfully fails to appear before any court or judicial officer as required shall be guilty of an offense and punished as follows:

(1) if arrested for or charged with a felony, by a fine of not more than five

thousand dollars or imprisoned for not more than five years....

§ 544.665, RSMo 2000. Cases interpreting this version of the statute determined that, before a person could be guilty of the crime of failure to appear, the person had to fail to appear on a criminal matter, i.e., an illegal act carrying with it either a fine or imprisonment as a penalty. *See, e.g., Fernow,* 328 S.W.3d at 433; *State v. Redifer,* 215 S.W.3d 725, 733 (Mo.App. W.D. 2006). This interpretation made sense in light of the language of the former version, which defined failure to appear as a criminal offense only when the person had been "arrested for or charged with a felony, ... a misdemeanor, ... [or] an infraction, ... [or] arrested for the violation of a municipal ordinance...." § 544.665.1(1)–(4), RSMo 2000. But this is no longer the law.

In 2009, the legislature amended the definition of the crime of failure to appear to include failing to appear for a probation revocation hearing. H.B. 62, 95th Gen. Assemb., 1st Reg. Sess. (Mo.2009). The amendment also altered the penalty provisions in such a manner that the penalty is now defined, not by the underlying criminal matter in which the defendant failed to appear, but by "the criminal matter for which the person was *released.*" § 544.665.2(1)–(4) (emphasis added). The knowing failure to appear at any pending proceeding, whether that proceeding is a "pending preliminary hearing, trial, sentencing, appeal, probation or parole revocation, *or* any other stage of a criminal matter against him or her," makes the person guilty of the crime of failure to appear, a class D felony, if the criminal matter for which the person was released was a felony. § 544.665.1 (emphasis added). Thus, it is irrelevant that a probation revocation hearing is a civil matter. The failure to appear for this civil matter is now a crime, the penalty for which is

defined by "the criminal matter for which the person was *released* " on the probation to be revoked. § 544.665.2(1)–(4) (emphasis added); *see also Fernow,* 328 S.W.3d at 433 (recognizing that the current version of section 544.665 makes failure to appear for a probation revocation hearing an independent crime). Here, because Seay was released on probation for a class C felony, his failure to appear at a subsequent probation revocation hearing during his release was a class D felony. § 544.665.2(1).

Point denied.

## Conclusion

Seay's convictions and sentences are affirmed.

THOMAS H. NEWTON and LISA WHITE HARDWICK, Judges, concur.