IN THE MISSOURI COURT OF APPEALS
 WESTERN DISTRICT

 IN THE INTEREST OF: J.R.K. )
 )
 JUVENILE OFFICER, )
 )
 WD84500
 Respondent, )
 v. )
 OPINION FILED:
 )
 March 15, 2022
 )
 J.R.K., )
 )
 Appellant. )

 Appeal from the Circuit Court of Buchanan County, Missouri
 The Honorable Patrick K. Robb, Judge

 Before Division One: Mark D. Pfeiffer, Presiding Judge, and
 Karen King Mitchell and Gary D. Witt, Judges

 J.R.K. appeals his delinquency adjudication for committing what would be the crime of

failure to appear under § 544.665,1 if he were an adult. J.R.K. raises a single claim on appeal; he

argues that the evidence was insufficient to support his adjudication insofar as § 544.665 makes it

a crime to fail to appear on a criminal matter and the hearing for which he failed to appear was a

juvenile proceeding. Because § 544.665 does not apply to juvenile proceedings, we agree with

 1
 All statutory citations are to the Revised Statutes of Missouri, as updated through the 2021 Cumulative
Supplement, unless otherwise noted. All rule citations are to the Missouri Supreme Court Rules (2021) unless
otherwise noted.
J.R.K., reverse the decision of the juvenile court, and remand for further proceedings consistent

with this opinion.

 Background

 On April 4, 2020, J.R.K. committed two offenses that would be misdemeanors if

committed by an adult; those offenses were second-degree tampering and leaving the scene of an

accident. The Juvenile Officer (JO) filed a delinquency petition against J.R.K., and the juvenile

court subsequently found the allegations true and adjudicated J.R.K. as delinquent following a

hearing. Following a dispositional hearing, the juvenile court placed J.R.K. on probation in the

custody of his parents, with electronic monitoring and the following conditions: (1) J.R.K. was to

attend an orientation-to-probation program; (2) he was to attend a victim awareness group; (3) he

was to have no contact with C.G.; (4) he was to attend school every day; and (5) he was to make

academic progress.

 On July 15, 2020, the JO filed a motion to modify the disposition, alleging that J.R.K.

committed what would be fourth-degree misdemeanor assault, if committed by an adult, and that

he violated his probation by having contact with C.G.2 On September 2, 2020, the juvenile court

held an adjudication hearing on the motion to modify and found the allegations to be true. The

court ordered J.R.K. to continue on probation with the following conditions: (1) J.R.K. was to

 2
 Under Rule 119.03(c), “Any party may at any time move the court in writing to modify a judgment or
order . . . . The court may . . . , in its discretion, conduct a hearing and make any orders on the motion to modify the
judgment or order . . . it deems proper.” “[M]otions to modify are used to do far more than merely modify the
disposition made on the juvenile’s original adjudication of guilt in the case which initially brought the juvenile within
the juvenile court’s jurisdiction.” In re B.O., 595 S.W.3d 506, 512 (Mo. App. W.D. 2020) (quoting In re C.L.B., 22
S.W.3d 233, 239 (Mo. App. W.D. 2000)). They are “also used to provide a forum for an adjudication of the juvenile’s
guilt of additional crimes occurring while the juvenile was under the court’s jurisdiction.” Id. (quoting In re C.L.B.,
22 S.W.3d at 239).

 2
attend the orientation-to-probation class on 9/16/20; (2) he was to attend MRT classes;3 and (3) he

was to write a letter of apology to the victim of the assault.

 On February 18, 2021, the JO filed another motion to modify the disposition, this time

alleging that (1) J.R.K. had twelve unexcused absences from school; (2) J.R.K. engaged in

behavior injurious to himself by testing positive for marijuana use; and (3) J.R.K. violated his

probation by failing to appear for a substance abuse assessment. The court held a hearing on the

motion to modify on March 1, 2021, at which J.R.K. and his mother both appeared, but J.R.K. was

without counsel, so the court continued the matter to March 10, 2021 at 3:50 p.m. The following

day, the Public Defender’s office entered an appearance on behalf of J.R.K.

 On March 10, 2021, J.R.K.’s public defender and the JO appeared for the rescheduled

hearing, but J.R.K. did not attend. Consequently, the juvenile court ordered a capias warrant for

J.R.K. The next day, the JO filed a probable cause statement alleging that J.R.K. violated state

law by failing to appear at the March 10, 2021 hearing. On March 16, 2021, J.R.K. was

apprehended at school and taken to a juvenile detention facility where he tested positive for

marijuana. The JO filed another motion to modify the disposition in J.R.K.’s case, alleging that

(1) J.R.K. had twelve unexcused school absences; (2) J.R.K. engaged in behavior injurious to

himself when he tested positive for marijuana on January 22, 2021; (3) J.R.K. violated probation

when he failed to appear for a substance abuse assessment; (4) J.R.K. committed misdemeanor

failure to appear under § 544.665 when he did not appear for the March 10, 2021 hearing; and

(5) J.R.K. engaged in behavior injurious to himself when he tested positive for marijuana on

March 16, 2021. On April 14, 2021, the juvenile court held a hearing on the motion to modify.

 3
 The record does not explain what an “MRT class” is. The United States District Court for the Eastern
District of Missouri describes it as “Moral Reconation Therapy (MRT), which is a cognitive behavioral treatment
(CBT) program.” Available at https://www.moed.uscourts.gov/mrt-program (last accessed Jan. 11, 2022).

 3
At the hearing, J.R.K. admitted that allegations (1), (2), and (5) were true, and the JO dismissed

allegation (3). The juvenile court then received evidence as to the remaining allegation, the failure

to appear allegation. The evidence indicated that J.R.K. knew of the date and time of the March 10,

2021 hearing and that he did not appear. J.R.K.’s mother testified that she was unable to bring

J.R.K. to court for the hearing because she was picking her sister up from the airport at the time.

The JO presented testimony that J.R.K. could have obtained transportation from his probation

officer, as he had done in the past. The juvenile court found the failure to appear allegation to be

true and ordered J.R.K. to be placed in the Buchanan County Academy to complete its program.

J.R.K. appeals.

 Standard of Review

 J.R.K. raises a single claim on appeal, purportedly challenging the sufficiency of the

evidence to support his adjudication. Despite J.R.K.’s characterization of his claim as one

challenging the sufficiency of the evidence, his true claim is a question of statutory interpretation,

as we are required to determine whether § 544.665 applies to juvenile proceedings in order to

resolve his claim. See State v. Seay, 395 S.W.3d 64, 65 (Mo. App. W.D. 2013) (noting that a

challenge to the sufficiency of the evidence for a conviction under § 544.665 was truly a question

of statutory interpretation because it required the court to determine the scope of the statute’s

application). “Statutory interpretation is a question of law, and questions of law are reviewed

de novo.” Id. (quoting State v. Downing, 359 S.W.3d 69, 70 (Mo. App. W.D. 2011)).

 Analysis

 In his sole claim on appeal, J.R.K. argues that the evidence was insufficient to support his

adjudication of failure to appear under § 544.665 insofar as there was no evidence that J.R.K. failed

to appear for a criminal matter, as required by the statute.

 4
 Section 544.665.1 provides that

 any person who, having been released upon a recognizance or bond pursuant to any
 other provisions of law while pending preliminary hearing, trial, sentencing, appeal,
 probation or parole revocation, or any other stage of a criminal matter against him
 or her, knowingly fails to appear before any court or judicial officer as required
 shall be guilty of the crime of failure to appear.

J.R.K. argues that the crime of failure to appear applies only to the failure to appear for a criminal

proceeding and, because the hearing for which he failed to appear was a juvenile proceeding, the

JO’s evidence was insufficient to sustain the allegation.

 Contrary to J.R.K.’s argument, § 544.665 is not limited to only criminal proceedings. The

plain language of the statute also covers the civil proceedings of parole and probation revocation.

Seay, 395 S.W.3d at 66. That said, however, we agree with J.R.K. that § 544.665 does not apply

to the failure to appear for a juvenile proceeding.

 Practice and procedure in the juvenile courts are governed by Rules 110-129. Rule 110.01.

These rules “supersede all statutes and existing court rules inconsistent therewith.” Rule 110.02.

And Rule 127.02 provides the consequences attendant to a juvenile’s failure to appear for a

hearing: “If a juvenile is released . . . , the court may impose conditions upon the activities and

associations of the juvenile and upon any person to whom the juvenile is released,” and the “failure

to adhere to the conditions imposed on the activities or associations of the juvenile may result in

the court ordering more restrictive conditions or that the juvenile be detained.” Rule 127.02(d),

(e) (emphasis added). In addition, Rule 127.07(c)(1) specifically notes that detention is

appropriate for juveniles with a record of “willful failure to appear at court proceedings.” Because

Rule 127.02 already provides consequences for a juvenile’s failure to appear, any inconsistent

outcome present in § 544.665 (i.e., a potential criminal charge) is inapplicable under Rule 110.02.

 5
 The JO raises two arguments: (1) under the authority of In re J.S., 648 S.W.2d 634 (Mo.

App. E.D. 1983), J.R.K.’s failure to appear may be charged as a delinquency offense because it

would have been a crime if engaged in by an adult; and (2) the express language of § 544.665

indicates that it is applicable to probation revocation hearings and that was the nature of the hearing

for which J.R.K. failed to appear. Neither argument has merit.

 In re J.S. involved a juvenile who had been adjudicated delinquent based upon an allegation

that the juvenile unlawfully escaped from custody in violation of § 575.200. J.S., 648 S.W.2d at

635. At the time, § 575.200.1 provided, “A person commits the crime of escape from custody if,

while being held in custody after arrest for any crime, he escapes from custody.” Id. On appeal,

the juvenile argued that, “because offenses committed by juveniles are deemed not to be ‘crimes,’

a juvenile may not be arrested for a crime and thus cannot escape from custody after arrest for a

crime.” Id. Though the Eastern District acknowledged “that delinquency proceedings are not

criminal cases,” the court also noted that “a juvenile may be arrested for a crime.” Id. And

“[b]ecause a child may be arrested for a crime, § 575.200 . . . applies to juveniles.” Id.

 Similarly, the JO argues here that, because a juvenile can fail to appear before a court or

judicial officer, § 544.665 applies to juveniles. To begin, we sincerely doubt that, if decided today,

J.S. would have the same outcome, given that the decision predated Rule 127.01(b), which

expressly states, “Taking a juvenile into judicial custody is not an arrest.” Accordingly, juveniles

are no longer “arrested” for crimes, which was the basis for the court’s holding in J.S. But beyond

that, as noted above, when applied to juveniles, § 544.665 has been superseded by Rule 127.02.

The court in J.S. was not faced with a similar issue. Thus, J.S. does not dictate a different outcome.

 The JO further argues that, because the hearing for which J.R.K. failed to appear was

essentially a probation revocation hearing, the express language of § 544.665 suggests that it

 6
applies in this case. Though we acknowledge that § 544.665 applies to probation revocation

hearings, there are at least two problems with the JO’s argument here. First, unlike adults,

juveniles may be placed on probation for status offenses (e.g., truancy), which are matters that

would not be criminal if committed by adults. § 211.181.2. Though § 544.665 applies to probation

revocation hearings, that probation must be based upon a crime, as evidenced by the penalty

provision of the statute:

 Failure to appear is:

 (1) A class E felony if the criminal matter for which the person was released
 included a felony;

 (2) A class A misdemeanor if the criminal matter for which the person was released
 includes a misdemeanor or misdemeanors but no felony or felonies;

 (3) An infraction if the criminal matter for which the person was released includes
 only an infraction or infractions;

 (4) An infraction if the criminal matter for which the person was released includes
 only the violation of a municipal ordinance, provided that the sentence imposed
 shall not exceed the maximum fine which could be imposed for the municipal
 ordinance for which the accused was arrested.

§ 544.665.2. Because juvenile probation may be based on a non-criminal act, § 544.665 could not

apply.

 A second problem with treating the hearing as a probation revocation hearing in this

specific case is that J.R.K. never received notice that the hearing was a probation revocation

hearing.4 Each motion to modify filed by the JO contained allegations of both new status or

delinquency offenses and separate probation violations. To the extent there were new offense

allegations, new adjudications and dispositions were required. See In re B.O., 595 S.W.3d 506,

 4
 In criminal matters, “[p]robation shall not be revoked without giving the probationer notice and an
opportunity to be heard on the issues of whether such probationer violated a condition of probation and, if a condition
was violated, whether revocation is warranted under all the circumstances.” § 559.036.6.

 7
511 (Mo. App. W.D. 2020) (noting that motions to modify containing allegations of new offenses

require adjudication and disposition hearings). And, despite seeking modification of the prior

disposition, not a single motion to modify identified a specific modification (e.g., probation

revocation) requested by the JO. Accordingly, we are not persuaded by the JO’s arguments.

 We recognize that, at the underlying hearing, J.R.K. admitted three of the new allegations,

which may have been sufficient in themselves to warrant the juvenile court’s decision to send

J.R.K. to the Buchanan County Academy. But we cannot be sure that it was not the juvenile court’s

determination that J.R.K. violated § 544.665 that tipped the scales. Therefore, we reverse the

juvenile court’s adjudication finding that J.R.K. violated § 544.665 and remand the matter to the

juvenile court for further proceedings consistent with this opinion.

 Point I is granted.

 Conclusion

 The juvenile court improperly applied § 544.665 to J.R.K. Its judgment is reversed, and

the matter is remanded for further proceedings consistent with this opinion.

 Karen King Mitchell, Judge

Mark D. Pfeiffer, Presiding Judge, and Gary D. Witt, Judge, concur.

 8